## GREAT NAT. LIFE INS. CO. v. HARRELL et ux.

### No. 2371.

Court of Civil Appeals of Texas. Waco.

Dec. 4, 1941.

Rehearing Denied Jan. 8, 1942.

John A. Pace and Webster Atwell, both of Dallas, for appellant.

S. J. T. Smith and Howard Walden, both of Waco, for appellees.

HALE, Justice.

J. H. Harrell and wife instituted this suit in the Justice Court, seeking recovery against Great National Life Insurance Company under a policy insuring Mrs. Harrell against hospital expense resulting from illness. The company defended on the ground that the policy sued upon had been cancelled. On appeal to the County Court the case was tried before a jury on special issues, in response to which they found, in part, that the policy was not cancelled on or before April 11, 1938, and Mrs. Harrell did not agree to a cancellation of said policy. Judgment was rendered in favor of plaintiffs and defendant has appealed.

Appellant asserts that the court should have granted its request for a peremptory instruction, because the undisputed evidence

showed the policy had been cancelled. The policy was issued on December 21, 1936. All premiums due thereon were paid and accepted for the period of time up to and including April 21, 1938. It was agreed that Mrs. Harrell was carried to Providence Sanitarium in Waco on April 11, 1938, where she was operated on, and remained confined until April 21st, during which time she incurred certain reasonable and necessary expense in connection with her illness and operation.

The policy provided, among other things, that it might be cancelled by the company giving ten days notice of such cancellation and, in such event, "the then current premium having been actually paid, the unearned portion of such premium shall be returned on surrender of this policy." Appellant mailed a letter to Mrs. Harrell, dated March 19, 1938, advising that because of the high claim ratio, it had become necessary to change all policies issued to women to a new form of contract.' It enclosed a descriptive folder in order that Mrs. Harrell might decide whether she wished to continue her coverage on the new form, suggesting that she pay the current monthly premium on the old policy and that a proper adjustment would be made on the next month's statement; that unless she decided to continue her insurance on the new form of contract, the old policy would be cancelled within ten days from the date of said letter. Appellant introduced in evidence a record made in its office indicating that on March 29, 1938, the policy was cancelled.

Mrs. Harrell testified that she was sick for about three weeks before she was taken to the hospital and did not know just when she received appellant's letter of March 19th. There was extended correspondence between counsel for the respective parties concerning proof of loss, the tender of premium by appellees which became due on April 21st, the tender of unearned premium by appellant for the period of time after March 29th, and the liability, if any, of the company. On June 11, 1938, appellant definitely advised appellees that it denied liability on the claim.

We have examined all of the evidence in the case and have reached the conclusion that the same does not show conclusively as a matter of law that the policy sued upon was cancelled according to its terms on or prior to April 11, 1938. We think each of the letters from appellant and its attorney, prior to that of June 11, 1938, is susceptible of a construction which is consistent with the continued effectiveness of said policy. No effort was made by the company to return any unearned premium until after Mrs. Harrell's operation. Having failed to exercise its right of cancellation in an unequivocal manner in accordance with the terms of the policy prior to the time when the claim arose, the company could not alter its liability after the loss insured against had occurred. 24 T.J. par. 59, p. 753.

Appellant further contends that the judgment should be reversed because appellees failed to properly negative the exceptions which exempt it from liability. The policy provides in its conditions and limitations that it does not cover loss sustained in any part of the world except the United States and Canada, or while engaged in military and naval service in time of war, strikes or riots, or resulting from tuberculosis, insanity, venereal diseases, etc. We recognize the general rule of law that a claimant under a policy of insurance must negative, by allegations and proof, the exceptions which, under the terms of the policy, specifically exempt the company from liability, but we do not think this rule has any controlling effect in its application to the record in this cause. Pleadings on the merits of a cause in the Justice Court and on appeal to the County Court may be either oral or written, or partly oral and partly written, and in the absence of any showing to the contrary, we must presume that the judgment of such court had proper support in the pleadings. Gordon v. Zoes, Tex.Civ.App., 125 S.W.2d 1049. While there was no direct testimony negativing the existence of some of the exceptions enumerated in the policy, there was evidence of circumstances from which the nonexistence of such exceptions might reasonably be inferred.

All of appellant's assignments are overruled, and the judgment of the trial court is affirmed.