Victoria Ann **LINDOP** et al., Appellants,

v.

**ALLSTATE INSURANCE COMPANY**
et al., Appellees.

No. 8382.

Court of Civil Appeals of Texas,
Texarkana.

Oct. 5, 1976.

Rehearing Denied Oct. 26, 1976.

William R. Eddleman, Carp & Eddleman, Dallas, for appellants.

Byron L. Falk, Vial, Hamilton, Koch, Tubb, Knox & Stradley, Arlen D. Bynum, Bradshaw & Bynum, Dallas, for appellees.

CHADICK, Chief Judge.

This suit is grounded upon the uninsured motorist provisions in two automobile insurance policies. It was instituted to recover indemnity provided by the policies for loss proximately caused by the negligence of a hit and run driver. The trial court entered a take nothing judgment and the plaintiffs below have appealed.

Ronald Odell Lindop, the trial pleadings allege, was fatally injured as the proximate result of the negligence of a hit and run driver, as that term is defined in the automobile policies in suit. The plaintiffs below, appellants here, are the decedent's surviving wife, three minor children and parents. One policy was issued by Allstate Insurance Company to Mr. Lindop and the other was issued by State Farm Mutual Automobile Insurance Company to Mr. Lindop's employer. These insurance companies were defendants below and are appellees here. The parties agree that liability to pay under policy provisions is dependent upon proof of negligence by a hit and run driver that proximately caused Mr. Lindop's death.

A favorable jury verdict in the trial court would have entitled the plaintiffs to judgment had the trial judge not sustained the motion of the insurance companies and granted judgment notwithstanding such verdict. The jury in response to special issues found that Mr. Lindop's fatal injury was proximately caused by a hit and run driver's negligent failure on the occasion in question to keep proper lookout, failure to turn to the left and failure to apply brakes. On motion by the defendant insurance companies, the trial court disregarded the jury's verdict upon such issues and entered the mentioned take nothing judgment. Such action by the trial judge is authorized by Tex.R.Civ.P. 301 when issues are not supported by evidence having probative value. *Gulf, Colorado & Santa Fe Railway Company v. Deen*, 158 Tex. 466, 312 S.W.2d 933 (1958); *Hicks v. Matthews*, 153 Tex. 177, 266 S.W.2d 846 (1954); *Reed v. Enright*, 488 S.W.2d 596 (Tex.Civ.App. Dallas 1972, no writ); 4 McDonald's, Texas Civil Practice, Sec. 17.32; Hulse, *The Motion For New Trial As Basis For Review*, in State Bar of Texas, Appellate Procedure in Texas, Sec. 8.4[2] (1964). The evidence in the record is decisive of the question. Therefore, the evidentiary record has been examined to determine whether or not there is probative evidence supporting either of the three issues of primary negligence found by the jury.

The decedent's body, one hand clutching a hammer, was found near the middle of two traffic lanes carrying northbound traffic on Interstate 45 in Dallas County. One article of decedent's clothing was a bright orange shirt. The only traumatic injury found was to the head. Medical experts concluded injury was caused by high speed impact. Investigating authorities found nothing at the scene deemed to be evidence of criminal activity. A truck belonging to Mr. Lindop's employer, a red and white Chevrolet with a 40-foot float bed, was properly parked on the shoulder of the road headed in a northerly direction; the motor was running and emergency flashers were operating; a grease cup had been removed and lay beside the front tandem of the trailer. The truck was loaded with turf, and Mr. Lindop was employed to drive it from Beaumont to Dallas. The weather was clear and the highway dry. No skid, slide or tread marks were found. The highway was of such width and the surface conditions of a nature that a driver of a vehicle passing the truck had room for maneuver and space to avoid striking a

person working on or close by the truck. It was nighttime, approximately 4:00 o'clock a. m., when the body was found and reported to authorities and traffic at that time was backed up for some distance to the south of the scene of the fatality.

These facts furnish grist for extensive speculation but the facts and inferences that may legitimately be drawn from them, considered in the aspect most favorable to the jury's verdict, do not constitute evidence that a hit and run driver failed to keep the lookout that an ordinarily prudent person would have under the conditions shown or constitute evidence of the other failure found by the jury. The evidence produced does not tend to prove what the presumed hit and run driver was doing or the position of his vehicle on the road at or prior to the time Mr. Lindop was struck. Since these facts are not known or inferable from direct evidence, it is impossible to conclude that such driver failed to do in any respect what a reasonable person would ordinarily have done under the same or similar circumstances. The fact that Mr. Lindop was struck is not of itself evidence of negligence and does not raise an inference that the presumed hit and run driver defaulted in the several instances found by the jury. *Rankin v. Nash-Texas Company*, 129 Tex. 396, 105 S.W.2d 195 (Tex.Com.App. 1937, opinion adopted); *Willis Sears Trucking Company v. Pate*, 452 S.W.2d 782 (Tex. Civ.App. Beaumont 1970, no writ). From the facts in the record it may be surmised or suspicioned that the presumed hit and run driver may have failed in the instances found by the jury, but accounting for the occurrence by speculation and surmise consistent with these facts is not proof that will support a verdict. *Joske v. Irvine*, 91 Tex. 574, 44 S.W. 1059 (1898); Calvert, "No Evidence" and "Insufficient Evidence," Points of Error, 38 Texas L.Rev. 361, 363 (1960). The trial judge did not commit error in sustaining the motions for judgment notwithstanding the verdict.

It is unnecessary to discuss proximate cause as that element of the case has no relevance in the absence of proof of negligence.

All points of error briefed by the appellants have been carefully examined. No reversible error is found. The judgment of the trial court is affirmed.