704 S.W.2d 459 (1986)
GULF INSURANCE COMPANY, Appellant,
v.
Dorothy N. CHERRY, Appellee.
No. 05-85-00446-CV.
Court of Appeals of Texas, Dallas.
January 15, 1986.
Rehearing Denied February 26, 1986.
*460 James H. Moody, III, Strausburger & Price, Dallas, for appellant.
Cynthia A. Spencer, Garland, for appellee.
Before ALLEN, McCLUNG and ZIMMERMANN, JJ.
ZIMMERMANN, Justice.
In this suit on an automobile insurance policy, the trial court rendered judgment for Dorothy Cherry based on a judgment non obstante veredicto. Appellant Gulf Insurance Company claims that the trial court erred in granting the judgment n.o.v. because (1) the evidence is legally sufficient to support the jury finding for Gulf, (2) Gulf properly cancelled Cherry's policy, and (3) Cherry is not entitled to judgment on the theories of waiver or estoppel. We agree. Consequently, the judgment is reversed and rendered.
Cherry was insured by Gulf for her automobile. She received a letter from Gulf dated April 15, 1983, stating that she owed $50.00 for coverage for an additional car added to the policy. She did not respond. On June 22nd or 23rd, Cherry received a document from Gulf, dated June 20, 1983, entitled "NOTIFICATION OF CANCELLATION." The notice provided that Cherry's insurance would cease at 12:01 a.m. on July 5, 1983, unless payment was received before that time. Cherry did not mail the check until June 30th. On that day, she wrote a check, put it in a white legal sized envelope, and addressed it to Gulf's post office box. Nancy Bond, her sister-in-law, put a stamp on the envelope, and Cherry mailed the letter at the post office in Mabank at approximately 3:00 p.m. On the morning of July 5, 1983, Cherry was involved in an auto accident. Gulf refused to compensate Cherry for the accident on the ground that her policy was cancelled by nonpayment as of 12:01 a.m. that morning. *461 This lawsuit followed. Trial was held, and the jury found in favor of Gulf. Cherry then filed a motion for judgment non obstante verdicto. The motion was granted, and Gulf appeals.
Since the trial court sustained the motion for judgment n.o.v. without limitation to any particular ground, we presume that each of the grounds specified in the motion is an independent, alternative basis for the court's judgment. Smith v. Texas Improvement Co., 570 S.W.2d 90 (Tex.Civ.App.Dallas 1978, no writ). Therefore, we must consider all of Gulf's points of error.

1. LEGAL SUFFICIENCY OF EVIDENCE
In its first point of error, Gulf contends that the trial court erred in rendering judgment n.o.v. because the evidence is legally sufficient to support the jury's finding that Gulf did not receive Cherry's check before 12:01 a.m., July 5, 1983. We agree. The movant for judgment non obstante veredicto must conclusively establish its right to judgment as a matter of law. Dowling v. NADW Marketing, Inc., 631 S.W.2d 726 (Tex.1982). The trial court should grant such a motion only if there is no evidence to support the jury's answers. Lindop v. Allstate Insurance Co., 542 S.W.2d 250 (Tex.Civ.App.Texarkana 1976, writ ref'd n.r.e.). In this case, Cherry contends that she has established as a matter of law that the check was received on or before the specified time. This contention is based upon the rebuttable presumption that a properly addressed and stamped letter would be delivered in the due course of the mails. Southland Life Insurance Co. v. Greenwade, 138 Tex. 450, 159 S.W.2d 854 (1942). She further contends that Gulf has not produced sufficient evidence to rebut the presumption and therefore the presumption establishes receipt as a matter of law. We do not agree. Texas courts have consistently held that the mere denial of receipt is sufficient to rebut the presumption and present a fact issue for the jury. Sudduth v. Commonwealth County Mutual Insurance Co., 454 S.W.2d 196 (Tex.1970). Anchor Casualty Company v. Crisp, 346 S.W.2d 364 (Tex.Civ.App.Amarillo 1961, no writ). Gulf's principal witness at the trial was Richard Phillips. Phillips is the manager of the accounting services department for Gulf, which handles all the receivables for the company. He testified in great detail as to the system for processing mail at Gulf, and concluded that Cherry's check could not have been received any earlier than 6:30 a.m. on July 6, 1983. Gulf also produced Cherry's cancelled check and a billing statement sent with the check, both bearing a July 7 date stamp.
Cherry argues that the evidence presented by Gulf had a number of gaps and was circumstantial. We agree that Gulf's evidence was by no means conclusive, but it is sufficient to support the jury's verdict. The evidence indicates that it would be almost impossible for Gulf to present any witness who would remember the receipt of one letter out of hundreds. Considering its large volume of mail and automated system, Gulf sufficiently rebutted Cherry's presumption. The issue was properly submitted to the jury, and its decision should not be disturbed. Appellant's first point of error is sustained.

2. NOTIFICATION OF CANCELLATION
In its second point of error, Gulf contends that the court erred in rendering judgment n.o.v. because Gulf properly cancelled the policy in question in accordance with the terms and conditions of the policy. The notice of cancellation is one page in length. In the top right hand corner are the words "CANCELLATION EFFECTIVE DATE 07-05-83." Underneath that are two paragraphs with the heading "NOTIFICATION OF CANCELLATION." This heading is in red type. The two paragraphs are as follows:
You are hereby notified in accordance with the terms and conditions of the above mentioned policy, that your insurance will cease at 12 o'clock or 12:01 *462 A.M. (whichever is shown in policy as hour of inception), on the date shown above due to non-payment of premium.
IF YOU DESIRE TO PREVENT CANCELLATION BECOMING EFFECTIVE let us have remittance by return mail. Unless remittance is received by us at the address shown below prior to date and hour of cancellation indicated above, the cancellation will become effective and all insurance will cease.
Across the bottom of this notice, in red type, appears the following:
NOTE: 1. SEE IMPORTANT STATUTORY NOTICE FOR THE INSURED ON REVERSE SIDES.
2. AMOUNT DUE MUST BE PAID IN FULL TO REINSTATE POLICY.
Furthermore, attached to this notice was the billing portion which was returned by Cherry to Gulf with her check. Across the bottom of this part of the instrument, also in red type, appears the following:
NOTE: 1. PLEASE RETURN THIS PORTION WITH YOUR REMITTANCE.
2. AMOUNT DUE MUST BE PAID IN FULL TO REINSTATE POLICY.
We hold that this letter was sufficient notice by Gulf to cancel Cherry's policy. No specific form of notice is required. The rules regarding notice are summarized by the Fort Worth Court of Appeals as follows:
The insurer may cancel the policy by giving notice in compliance with the terms of the policy. The notice must give the insured a definite understanding that the policy is cancelled, or the insurer's notice to cancel must be so expressed as to give notice to an ordinary man in the exercise of ordinary care. The notice must be expressed in clear, positive, and unequivocable terms. It must not be couched in such terms as to leave the insured in doubt as to the effective date of the cancellation. It must not be merely an expression of an intention to cancel the policy at some time in the future.
Frontier-Pontiac, Inc. v. Dubuque Fire & Marine Insurance Co., 166 S.W.2d 746 (Tex.Civ.App.Fort Worth 1942, no writ). Gulf's notice met these requirements. The notice was clear and within the terms of the policy. Cherry testified that she understood the instrument was a cancellation notice. Also, it was not an expression of an intention to cancel the policyit was a conditional notice of cancellation.
Cherry argues that Gulf's letter is not proper notice due to the holding in Great National Life Insurance Co. v. Harrell, 157 S.W.2d 427 (Tex.Civ.App.Waco 1941, writ dism'd). In Great National, the notice that the insurer gave the insured was somewhat similar to that in the present case. The purported cancellation was a letter which informed the insured that the company was changing all policies to a new form of contract. It enclosed a descriptive folder of the new contract and advised the insured "that unless she decided to continue her insurance on the new form of contract, the old policy would be cancelled within ten days of the date of said letter." The trial court in Harrell submitted the issue of cancellation to a jury which found that the policy had not been cancelled. On appeal, the insurer contended that it had established cancellation as a matter of law (emphasis added). The Court of Civil Appeals held that this issue had not been established as a matter of a law, pointing out that the insurer treated the policy as being continuously effective and that the company failed to return any unearned premiums until after the loss. The court did not base its decision on a grammatical analysis of the notice, but rather looked at the insurer's subsequent behavior. Furthermore, the court did not hold that the insured had established noncancellation as a matter of law. This is what Cherry must establish to support the trial court's judgment. She has not. Appellant's second point of error is sustained.

*463 3. WAIVER AND ESTOPPEL
In its third through sixth points of error, Gulf contends that the court erred in rendering judgment n.o.v. on the grounds of waiver and estoppel. We agree. A party asserting waiver and estoppel must affirmatively plead these issues. Faubian v. Busch, 240 S.W.2d 361, 365 (Tex.Civ.App.Amarillo 1951, writ ref'd n.r.e.) (waiver); City of Lufkin v. Dupuy, 327 S.W.2d 781, 785 (Tex.Civ.App.Beaumont 1959, writ ref'd n.r.e.) (estoppel). Also, a party asserting waiver or estoppel must submit an issue to the jury on these grounds; failure to do so waives the issue. Lane v. Security Title & Trust Co., 382 S.W.2d 326 (Tex.Civ.App.Dallas 1964, writ ref'd n.r.e.) (waiver); Newton v. Town of Highland Park, 282 S.W.2d 266 (Tex.Civ.App.Dallas 1955, writ ref'd n.r.e.) (estoppel). Cherry pleaded neither issue and did not submit either to the jury.
Cherry argues that no issues were required to be submitted to a jury, citing Texas Reserve Life Insurance Co. v. Security Title Co., 352 S.W.2d 347 (Tex.Civ.App.San Antonio 1961, writ ref'd n.r.e.). However, the court in Texas Reserve reached this conclusion because the moving party had presented evidence without objection establishing ratification and waiver as a matter of law. No such evidence was presented here. Intention is a necessary element of waiver. Ferrantello v. Paymaster Feed Mills, 336 S.W.2d 644 (Tex.Civ.App.Dallas 1960, writ ref'd n.r.e.). Estoppel requires detrimental reliance by the other party. McAshan v. River Oaks Country Club, 646 S.W.2d 516 (Tex.App.Dallas 1982, writ ref'd n.r.e). Cherry produced no evidence that Gulf actually intended to continue the policy or that she detrimentally relied on any misconception she had that the policy remained in effect. Appellant's third, fourth, fifth, and sixth points of errors are sustained.
The judgment is reversed and rendered that appellee Dorothy Cherry take nothing against appellant Gulf Insurance Company.
JAMES K. ALLEN, J., not participating.