ZIMMERMANN, Justice.
Jeffery Donnell Bowman appeals his conviction for murder. The trial court assessed punishment at forty-five years confinement. Bowman contends that the trial court erred in (1) holding the evidence sufficient to sustain the conviction, and (2) admitting into evidence an unusually large amount of prejudicial hearsay evidence. We disagree. Consequently, we affirm.
1. CORROBORATED ACCOMPLICE TESTIMONY
In his first point of error, Bowman argues that the testimony of the state’s accomplice witness was not corroborated, and therefore the evidence is insufficient to support the conviction. The state’s case did depend in large part on the testimony of John Wayne Charleston, an accomplice witness. Charleston testified, among other things, that the victim and Bowman were involved in a drug ring, that the victim was tied up with a cord, that Bowman struck the victim with his hand and a shoe, and that several men, including Bowman, threatened the victim and ran hot and cold water on him. Charleston further testified that he had a conversation with a person who related dumping a package at Lake Ray Hubbard at the request of Bowman.
We agree with Bowman that Charleston’s testimony is not enough by itself to obtain a conviction. When an accomplice witness testifies, that testimony must be corroborated in order to support a conviction. TEX. CODE CRIM. PROC. ANN. art. 38.14 (Vernon 1979). However, the testimony was sufficiently corroborated. The Court of Criminal Appeals recently reiterated the test for corroboration in Moore v. State, 700 S.W.2d 193 (Tex.Crim.App.,1985):
It is not necessary, however, that the accomplice witness’ testimony be corroborated on all of his testimony, nor must the accomplice witness’ testimony directly link the accused to the offense, nor must it even be sufficient in itself to *465 establish the accused’s guilt; it must only tend to connect the accused to the offense, [emphasis added]
Moore, p. 203-204. Under this standard, the State has sufficiently corroborated Charleston’s testimony by submitting evidence that Bowman was wearing the victim’s jewelry after he was arrested. Bowman argues that the testimony of Verdenia Smith defeated the prosecutor’s attempt to corroborate Charleston, but the State’s evidence was not sufficiently rebutted to negate its connection of the accused to the offense. Bowman’s first ground of error is overruled.
2. HEARSAY TESTIMONY
In his second ground of error, Bowman argues that the trial court erred in admitting into evidence an unusually large amount of prejudicial hearsay evidence over his timely objection. He lists seventeen instances of objections made at trial, and claims that each objection represented harm to him, whether sustained or not. This list is multifarious and fails to comply with TEX. CODE CRIM. PROC. ANN. art. 40.09 (Vernon 1979); see Jackson v. State, 516 S.W.2d 167 (Tex.Crim.App.1974). We will therefore not consider them.
Bowman’s other hearsay objections concern the admission of certain statements made by coconspirators, including the victim. In his brief Bowman claims conversations were admitted as res gestae of the offense. The record reflects that two conversations were admitted as conspirators’ statements, not res gestae. It is an exception to the hearsay rule that statements made by co-conspirators may be introduced at trial. Bates v. State, 587 S.W.2d 121 (Tex.Crim.App.1979). The crime of conspiracy need not be alleged in the indictment for this exception to apply; it is a rule of evidence applicable to any offense charged. Roy v. State, 608 S.W.2d 645 (Tex.Crim.App.1980). There must be evidence of a conspiracy before the statements are admissible. Denney v. State, 558 S.W.2d 467 (Tex.Crim.App.1977). Evidence of a conspiracy may be drawn from inferences of circumstances. Armentrout v. State, 645 S.W.2d 298 (Tex.Crim.App.1983).
Evidence of appellant’s involvement in a conspiracy to sell drugs was introduced by various sources. Four witnesses testified as to the drug operation. Also brought out in trial was that the deceased was involved in the conspiracy but had claimed that he wanted out of the business. The inference drawn from this evidence is that the victim was killed because his desire to leave the drug organization threatened the conspiracy. All evidence points to conspiracy and permits the introduction of co-conspirator statements. Bowman’s second ground of error is overruled.
The judgment is affirmed.