**Joe COOPER, Individually and dba Joe A. Cooper Well Service, Appellant,**

**v.**

**Elsie Mae HALL, a feme sole, Appellee.**

**No. 8297.**

Court of Civil Appeals of Texas, Amarillo.

Dec. 11, 1972.

Rehearing Denied Jan. 8, 1973.

Clayton & Clayton, Bob D. Slough, Amarillo, for appellant.

Lemon, Close, Atkinson & Shearer, G. R. Close, Perryton, for appellee.

ELLIS, Chief Justice.

This is an appeal from an order denying relief from a default judgment in a bill of review proceeding. Affirmed.

On August 25, 1970, Elsie Mae Hall, a feme sole, plaintiff-appellee, instituted suit to recover from Joe Cooper, individually and dba Joe A. Cooper Well Service, defendant-appellant, an unpaid sum of $3,000 allegedly loaned by her to Cooper. After personal service of citation on August 29, 1970, the defendant-appellant filed no answer and default judgment was entered against him for the sum of $3,000 plus 6 per cent interest from date of judgment and costs. No motion for new trial was

filed after judgment. After the issuance and return of execution upon the judgment, Cooper filed his petition for bill of review.

As petitioner, Cooper alleged that he has a meritorious defense and, in this connection, asserted that he had not borrowed the money in question from Elsie Hall but from a third party, Bobby Miller, to whom he had repaid the sum of $2,500 plus $400 in interest. Cooper further alleged that he would have appeared and asserted such defense to the suit but for his reliance on representations made by the attorney representing Elsie Hall that plaintiff would not proceed further with the case without notifying Cooper. The appellee, as respondent, answered the petition by general denial and specifically alleged that Cooper does not have a meritorious defense and that he was negligent in failing to defend the cause or to timely file a motion for new trial after the taking of default judgment. The petition for bill of review was heard by the trial court without a jury and resulted in the entry of the order from which this appeal is brought. The appellee will sometimes be referred to as "plaintiff" or "Elsie Hall," while the appellant will sometimes be designated as "defendant" or "Cooper."

Upon appellant's request, the trial court filed its findings of fact and conclusions of law upon which the order denying the petition for bill of review was entered. The pertinent portions of such findings and conclusions are set out as follows:

\*    \*    \*    \*    \*    \*

"The Court finds from a preponderance of the evidence the following facts:

\*    \*    \*    \*    \*    \*

"3. Shortly after being served with citation, Defendant talked to the attorney for Plaintiff, and advised him of his version of the facts. The Defendant claimed he owed at the most $500.00 because he had repaid $2,500.00 of the $3,000.00 loan to one Bobby Miller. Defendant was asked if he was offering to settle for $500.00, to which he replied, 'Maybe, less all his expenses which he would have to figure.' The lawyer advised he would consult with Plaintiff. He requested the Defendant to figure his expenses and advise the attorney of his offer as soon as possible, and that in the meantime no judgment would be taken against him. It was understood that the Defendant would make an offer to Plaintiff's attorney within a reasonable time.

"4. Defendant made no attempt to get back in touch with Plaintiff's attorney at any time.

"5. Plaintiff's attorneys wrote Defendant on October 30, (sic) 1970, the following letter:

'October 20, 1970

"Mr. Joe Cooper
2010 Colgate
Perryton, Texas   79070

Re:   Hall v. Cooper,
No. 3875
District Court,
Ochiltree County, Texas

"Dear Joe:

If you intend to contest this case, you should retain an attorney and file an answer immediately. If an answer is not filed by this Monday, we will assume that you are not intending to contest the case and default judgment will be presented. If you have any offer to make in settlement of this case, you should do so before Monday.

"Very truly yours,

/s/ G. R. Close
of LEMON, CLOSE & ATKINSON

GRC/kt'.

"6. Said letter was properly addressed, stamped and mailed to Defendant at his correct address and placed in the United States mails and not returned

to the Plaintiff's attorney by the postal authorities.

"7. No written answer was ever filed by the Defendant.

"8. Default Judgment was entered by this Court against the Defendant on December 4, 1970.

"9. Written notice of the Default Judgment was mailed to the Defendant by the District Clerk's office, correctly addressed and placed in the United States mails. The card or written notice was not returned to the District Clerk's office by the postal authorities.

"10. The Petition for Bill of Review was not filed by the Defendant until March 25, 1971.

"11. Defendant knew that the money loaned to him was loaned by the Plaintiff, and was so advised by the Plaintiff before the Defendant paid the sum of $2,500.00 to one Bobby Miller.

"12. Defendant was negligent in failing to contact Plaintiff's attorney within a reasonable time to make an offer as agreed.

"THE CONCLUSIONS OF LAW OF THE COURT HEREIN ARE THE FOLLOWING:

"1. The Defendant does not have a meritorious defense to this law suit and judgment would have been entered for Plaintiff herein had this matter been tried.

"2. The Defendant has failed to show he exercised due diligence to prevent the rendition of the judgment under attack.

"3. Defendant was not prevented from making a defense to this case by fraud, accident or wrongful act of the Plaintiff, or her attorney."

\*    \*    \*    \*    \*    \*

■ After the proper issuance, service and return of citation upon the defendant, it is basic that under the law he had two rights or remedies: (1) file an answer to prevent a default judgment, and (2) file a motion for new trial within ten days after the judgment was taken. Hanks v. Rosser, 378 S.W.2d 31 (Tex.Sup.1964); Rule 329b(1) Texas Rules of Civil Procedure. In the event of failure to pursue either of the above mentioned remedies, a party may seek equitable relief by a bill of review. Under the rules generally applicable, before a losing party can successfully invoke a bill of review to set aside a final judgment, he must allege and prove (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own. Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996 (1950); Gracey v. West, 422 S.W.2d 913 (Tex.Sup.1968).

■ In a bill of review proceeding filed after the expiration of the time for filing a motion for new trial, as in this case, it is the general rule that the issues of (1) negligence or fault on the part of the defendant, (2) fraud, accident or wrongful conduct on the part of the plaintiff, and (3) meritorious defense are tried together in one complete trial in which every issue is disposed of and relief against the judgment previously entered is denied or granted as appropriate and warranted by the proof and pleading of the entire case. Ivy v. Carrell, 407 S.W.2d 212, 214 (Tex.Sup. 1966); Texas Employers' Ins. Ass'n v. Arnold, 126 Tex. 466, 469, 88 S.W.2d 473, 474 (1935); Humphrey v. Harrell, 29 S. W.2d 963, 964 (Tex.Com.App.1930).

The appellant challenges the trial court's denial of his petition for bill of review in 16 points of error, asserting generally that (1) there was no fault or negligence on his part in failing to file an answer or motion for new trial, (2) his failure to assert his defense resulted from the wrongful conduct of the opposite party, and (3) he has a meritorious defense to the cause of action.

The appellant's first six points of error deal with his contentions relating to various aspects of his failure to file an answer. In points nos. 1 and 2, he complains of the trial court's denial of his petition for bill of review on the grounds that he was not negligent in failing to file an answer and that such failure was not intentional or the result of conscious indifference. In points nos. 3, 4 and 5, he asserts that the trial court's finding of fact no. 6 to the effect that a letter dated October 20, 1970, from appellee's attorney to appellant notifying him as to appellee's plans to take a default judgment was properly placed in the United States mail is supported by (1) no evidence, (2) insufficient evidence, and (3) is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. In appellant's sixth point, he contends that he was prevented from asserting his defense because of the fraud, accident or wrongful acts of the opposite party.

It is undisputed that within a short time after Cooper was served with citation, he went to the offices of the attorney representing Elsie Hall and advised him of his version of the transaction. Cooper testified that he had never borrowed any money from Elsie Hall, but that he had borrowed the sum of $3,000 from a Mr. Bob Miller and had received the money from Miller on two separate occasions—$2,000 by Western Union telegram, dated May 22, 1970, and $1,000 subsequently delivered to him in cash. Cooper further testified that he had repaid to Miller the sum of $2,500, and exhibited a $2,500 cancelled check dated June 9, 1970, which had been paid to Miller. Also, Cooper claimed that he had paid Miller an additional sum of $400 as interest on the loan. Cooper stated, also, that during the conference the cancelled check and a copy of the telegram were shown to the attorney, and that the attorney asked him if he wanted to pay the other $500. Cooper then told the attorney that he didn't owe Elsie Hall and that his dealings were with Miller, and he felt that he should make the repayment to him. He stated also that the attorney advised him that he would talk to Elsie Hall and ". . . told me not to worry, if anything else come (sic) up he would let me know."

Cooper further testified to the effect that based upon such statement by the attorney, he was of the opinion that they were not proceeding until they "let me know." Additionally, he testified that he never received any letter or other notice to the contrary until the sheriff advised him of the execution on the judgment in February or March of 1971. During the course of the conference with the attorney, Cooper indicated that he wanted to go back and figure some expenses claimed to be due him as credit on the unpaid $500 and that he would contact the attorney and let him know as to what he "would or wouldn't pay Elsie Hall." In this connection, Cooper testified on cross examination by appellee's attorney, as follows:

"Q. Was there anything said in our conversation in the office about you going back and figuring some expenses on this $500.00 and calling back in as to what you would or wouldn't pay Elsie Hall?

"A. Yes, there was.

"Q. Did you ever call back in?

"A. No, sir. I went back to work and
—

"Q. Yeah. But wasn't it understood between us that you were going to call back and let me know what you would settle for?

"A. I was going to figure up the phone bills and stuff and get hold of this other boy and see what he owed and let you know what it was.

"Q. And you never did let me know, did you?

"A. No, I didn't."

The attorney representing Elsie Hall testified that he was in general agreement with Cooper's testimony regarding what transpired during the conference. Additionally, the attorney testified that he "did have a definite understanding that Mr. Cooper was going to check some records and some expenses and come back with an offer, and I don't believe Mr. Cooper ever came back with an offer." Further, the attorney testified that he wrote a letter to Cooper dated October 20, 1970, advising him to retain an attorney and file an answer immediately, or otherwise a default judgment would be taken the following Monday, and further advising that if he had an offer in settlement it should be made before Monday. He further stated that the letter was addressed to Cooper at 2010 Colgate in Perryton, Texas, and handed to his secretary for mailing. Also, he stated that he was certain that the letter was not returned by the post office. Cooper admitted that at all times material to this case he lived at the address above stated. He further stated that when he was advised of the sheriff's receipt of the execution upon the default judgment he then contacted an attorney. His attorney contacted the attorney for Elsie Hall and shortly thereafter the petition for bill of review was filed.

■ As above set out, the record demonstrates certain conflicts in the evidence regarding the understandings of the parties and the effect thereof on their respective actions and conduct following the conference in the attorney's office. In addition to the foregoing, there is the closely related and quite crucial conflict in the evidence regarding the sending and receipt of the letter of March 20, 1971. The Texas Supreme Court has held that a substantial fact issue has been raised when the record contains both affirmative proof of the mailing of a letter and testimonial denial of the receipt of the letter, with the relevant evidence on each side coming from interested witnesses. Suddeth v. Common-

wealth County Mutual Ins. Co., 454 S.W.2d 196 (Tex.Sup.1970). Also, it has been held that a letter, properly addressed, stamped and mailed to the addressee is presumed to have been received by the addressee in due course, Southland Life Ins. Co. v. Greenwade, 138 Tex. 450, 159 S.W.2d 854 (1942). These matters may be proved by circumstantial evidence, such as the customary mailing routine in connection with the sender's business, Smith v. F. W. Heitman Co., 44 Tex.Civ.App. 358, 98 S.W. 1074 (1907). The presumption is rebuttable by evidence of nondelivery to the addressee, and when so rebutted, the facts underlying the presumption remain for consideration by the trier of the facts. Employers' Nat. Life Ins. Co. of Dallas, Texas v. Willits, 436 S.W.2d 918 (Tex.Civ.App.—Amarillo 1968, writ ref'd, n. r. e.). Also see McCormick & Ray, Texas Law of Evidence, 2d ed, § 111, Mailing and Delivery of Letters, pp. 157–158. Thus, a fact issue was raised with respect to the sending and delivery of the letter in question which the court resolved against the appellant.

■ It is well established that the trier of the facts is entitled to consider all aspects of the weight and credibility of the evidence admitted. The court may believe all, part or none of the testimony of any witness. It may resolve conflicts and inconsistencies in the testimony of any one witness as well as the testimony of different witnesses. The court was in a position to observe the attitude and demeanor of the parties as well as the degree and nature of the interest and circumstances pertaining to such witness and his or her testimony and draw all reasonable inferences therefrom. The record has been carefully reviewed and we have concluded that the evidence is sufficient to support the trial court's factual finding regarding the sending of the letter, and that such finding is not so against the great weight and preponderence of the evidence as to be clearly wrong and unjust. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951).

■ The question of Cooper's negligence is to be passed upon by the trier of the facts. Lyons v. Paul, 321 S.W.2d 944 (Tex.Civ.App.—Waco 1958, writ ref'd n. r. e.). Cooper admits that following the office conference with the attorney he never called or otherwise contacted appellee or her attorney regarding the amount of expenses to which he claimed he was entitled or any other aspect of the case. As above set out, the fact issue regarding the sending of the letter was resolved against the appellant, and he failed to show due diligence to prevent the rendition of the default judgment. In view of the foregoing, we hold that the evidence supports the court's finding regarding appellee's negligence in failing to contact appellee's attorney.

■ Upon the basis of the foregoing evidence and findings, he took no action to prevent the taking of the default judgment and, under the evidence, he has not established that his failure to answer was not the result of his conscious indifference. Neither do the facts establish that appellant was prevented from asserting his defense by fraud, accident or wrongful act of the opposite party. The fact of his failure to contact the attorney following the conference, and the finding that the attorney properly mailed the letter of October 20, 1970, notifying of the plans to take the default judgment on the following Monday, and the fact that the default judgment was not taken until December 4, 1970, do not tend to establish that Cooper was prevented from asserting his defense as a result of any fraud, mistake or wrongful conduct by the opposite party or her attorney. Further, even if Cooper was under the impression that no action would be taken in the pending suit until he was further advised after the conference, the fact finding relative to the mailing of the letter to the defendant on October 20, 1970, approximately six weeks prior to the taking of the default judgment, is not indicative of any wrongful conduct on appellee's part which pre-

vented Cooper from asserting his defense. Appellant's points nos. 1–6 are overruled.

Appellant's points nos. 7–11 relate to his contentions regarding his failure to file a motion for new trial. In his points nos. 7 and 8, he insists that he was not negligent in failing to timely file a motion for new trial, and that he was prevented from filing such motion within the time allowed by law because the clerk had not informed him that default judgment had been taken against him. In points of error nos. 9, 10 and 11, appellant asserts the familiar no evidence, insufficient evidence and contrary to the great weight and preponderance points with respect to the trial court's finding no. 9 to the effect that written notice of the default judgment was, in fact, mailed to the appellant.

■ An examination of the record setting out the testimony of the district clerk and deputy district clerk supports finding no. 9 of the trial court that the written notice of the default judgment was mailed to Cooper by the district clerk's office, correctly addressed and placed in the United States mails and that such written notice was not returned to the district clerk's office by the postal authorities. According to the records and notations made therein in the regular course of business in the office, and under the regular routine of mailings from the office, the written notice of the default judgment in question was mailed to Cooper on December 7, 1970, in accordance with the provisions of Rule 239a, T.R.C.P. The law presumes, until the contrary is shown, that a public official will discharge the duties imposed upon him by the law, Stewart v. Moore, 291 S.W. 886, 891 (Tex.Com.App. 1927, opinion adopted); Anderson v. Polk, 117 Tex. 73, 297 S.W. 219, 222 (1927), and this presumption is one of fact and continues until the contrary appears. McGuire v. City of Dallas, 141 Tex. 170, 170 S.W.2d 722 (1943). The appellant denied that he received such notice and thereby a fact issue was created. See Employers' Nat.

Life Ins. Co. of Dallas, Texas v. Willits, supra; McCormick & Ray, Texas Law of Evidence, 2d ed. § 111, supra. Again, all aspects of the weight and credibility of the evidence was for the trier of the facts, and the court resolved this fact issue against the appellant. It is our opinion that the evidence is sufficient to support the finding and such finding was not contrary to the greater weight or manifestly wrong. In view of the holding regarding the evidence as to the mailing and the failure of the appellant to successfully rebut the presumption that the clerk performed her official duty regarding the mailing of the notice, it is our conclusion that the appellant failed to establish that he was not negligent in failing to file a motion for new trial.

In the absence of a factual finding that the action or inaction on the part of the court clerk regarding the proper mailing of the notice of default judgment prevented the defendant from timely presenting his motion for new trial, which would permit the application of the less onerous "motion for new trial" standards with respect to the relief sought, the defendant is required to comply with all three of the "bill of review" requirements, i. e. allegation and proof of (1) meritorious defense, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own, as set out in Alexander v. Hagedorn, supra. In this connection, see Hanks v. Rosser, supra; Kelly Moore Paint Co. v. Northeast National Bank of Fort Worth, 426 S.W.2d 591 (Tex.Civ.App.—Fort Worth 1968, no writ); Gracey v. West, supra; Ivy v. Carrell, supra. Appellant's points nos. 7–11 are overruled.

In addition to the requirements of establishing that appellant's failure to file an answer and timely motion for new trial was not the result of his own fault or negligence, and that his failure to assert his defense was induced by conduct or acts of the opposite party, he must also satisfy the third requirement of showing that he had a meritorious defense to the suit against him. Appellant's points nos. 12–15 deal with matters pertaining to his claim of a meritorious defense. In his point no. 12, he complains that the trial court erred in denying his petition for bill of review because he alleged a meritorious defense. We note that under bill of review standards deemed applicable in this case a petitioner is required to *allege and prove* a meritorious defense. Alexander v. Hagedorn, supra. In his points nos. 13, 14 and 15, he asserts no evidence, and insufficient evidence points with respect to the court's finding of fact no. 11 to the effect that the appellant knew that the money was loaned by Elsie Hall, and that such finding is so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust.

We have carefully examined the evidence, and based upon the testimony of Elsie Hall, Cooper well knew that the money being borrowed was part of the money which she had obtained in a property settlement with her former husband. She asserts that Cooper and Miller had discussed with her the matter of borrowing the money; that she went to a bank and secured $2,000 from her account and sent it to Cooper by Western Union telegraph using Miller's name as sender on the telegram at Miller's request; that $1,000 of the money was personally delivered by Elsie Hall to Cooper in cash; that Miller worked for Cooper and Cooper knew that Miller had no money and that they had discussed borrowing the money from her to enable Cooper to meet certain obligations until some money he was expecting was received; that Miller was not authorized by her to receive the repayment; that prior to any payment of any part of the money to Miller by Cooper, Elsie Hall put Cooper on notice by a telephone call that the money

was to be repaid to her, and ~~again~~ insisted that all of the $3,000 received by Cooper belonged to Elsie Hall and was to be repaid to her and not to Miller. Cooper admits being put on notice concerning paying the money to Elsie Hall and not to Miller prior to his making payment in the sum of $2,500 to Miller. Cooper's testimony, other than his admission that Elsie Hall put him on notice by the telephone call that he was to pay the money to her and not to Miller, was in conflict with that of Elsie Hall. Miller was not present at the trial and presented no evidence. As previously stated, the trier of the facts is entitled to consider all aspects of the weight and credibility of the evidence submitted and resolve conflicts and inconsistencies in the testimony of either or both of the witnesses here involved. The court resolved the conflict in favor of the appellee, and we hold that there is sufficient evidence to support the court's finding that Cooper knew the money in question belonged to Elsie Hall. We hold, therefore, that appellant failed to establish his claim of a meritorious defense. Points nos. 12, 13, 14 and 15 are overruled.

In his point no. 16, the appellant contends that the trial court erred in denying his petition because appellee failed to show how she would be damaged by the granting of the bill of review. In view of our holdings that the appellant has not established a meritorious defense and has also failed to meet the other basic requirements for entitlement to a bill of review, such relief is properly denied regardless of whether or not the appellee proved damages by the granting of the bill of review. Thus, appellant's point no. 16 is found to be without merit and is overruled.

It is our opinion that the appellant has failed to establish the essential elements required for the granting of a bill of review. Accordingly, the judgment of the trial court is affirmed.