**HOT SHOT MESSENGER SERVICE, INC., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–90–254–CV.**

Court of Appeals of Texas, Austin.

Nov. 28, 1990.

Rehearing Overruled Jan. 9, 1991.

Paul E. Knisely, Austin, for appellant.

Brian D. MacLeod, Asst. Atty. Gen., Austin, for appellee.

Before CARROLL, ABOUSSIE and JONES, JJ.

PER CURIAM.

Appellant, Hot Shot Messenger Service, Inc., seeks to appeal a default judgment rendered in favor of appellees, the State of Texas and the Attorney General on behalf of the Texas Employment Commission. The trial court signed the judgment on January 24, 1990, and appellant filed its appeal bond on July 5, 1990. The clerk of this Court received the transcript on or about July 17, 1990, and a statement of facts on July 31, but did not file them because they appeared to be untimely. Appellant then filed this motion to compel clerk to file transcript and statement of facts.

Appellant asserts that it did not receive notice of the default judgment within 20 days after it was signed, thereby entitling it to the extended timetable to file post-judgment motions and to appeal. Tex.R. Civ.P.Ann. 306a (Supp.1990); Tex.R.App.P. Ann. 5 (Supp.1990). To secure the applicability of Rule 306a, appellant moved the trial court on April 26, 1990, to establish date of April 20, 1990, as the date on which it learned of the judgment. Appellant moved for new trial on the same date.

The trial court denied appellant's Rule 306a motion and denied as untimely its motion for new trial. In support of his ruling, the trial court filed findings of fact and conclusions of law. If the trial court's findings and conclusions are correct, appellant's motion for new trial was indeed untimely and its appeal bond would have been too late to invoke the jurisdiction of this Court. Tex.R.App.P.Ann. 5, 41 (Supp. 1990); *Thermex Energy Corp. v. Rantec Corp.*, 766 S.W.2d 402 (Tex.App.1989, no writ). In seeking to compel the clerk to file its transcript and statement of facts, appellant challenges the sufficiency of the evidence to support the trial court's fact findings from the hearing on its Rule 306a motion. Because appellant cannot demonstrate error without reference to the statement of facts from this hearing, we will review it to determine the validity of the complaint.

■ We review the trial court's findings as to the date a party received notice of judgment by the standards of factual and legal sufficiency of the evidence. *See Barrett v. Mantooth*, 554 S.W.2d 799, 802 (Tex. Civ.App.1977, writ ref'd n.r.e.) (trial court's findings made pursuant to old version of Rule 165a, containing language similar to current Rule 306a, reviewed for factual and legal sufficiency); *see also Jimmy Swaggart Ministries v. Arlington*, 718 S.W.2d 83 (Tex.App.1986, no writ); *Caddell v. Gray*, 544 S.W.2d 481 (Tex.Civ.App.1976, no writ).

Rule 306a places the burden on appellant to prove the date he received notice and that it was more than 20 days after the judgment was signed. Therefore, its legal sufficiency challenge requires a two-step analysis: we first examine the record for evidence that supports the finding, while ignoring all evidence to the contrary; if there is no evidence to support the finding, we then examine the entire record to determine if the contrary proposition is established as a matter of law. *Holley v. Watts*, 629 S.W.2d 694 (Tex.1982). Regarding appellant's factual sufficiency challenge, this Court must examine all the evidence and should set aside the finding only if it is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (Tex.1951).

The trial court found that (1) appellee properly addressed, stamped, and mailed appellant a document which referred to the judgment on March 12, 1990; (2) appellant received this document; and (3) appellant acquired actual knowledge of the signing of the judgment on March 22, 1990.

At the hearing Darrell Donaldson, appellant's president, testified that appellant received no notice of the judgment from the district clerk. He stated that appellant first learned about the judgment after receiving a form from appellee dated April 10, 1990, and entitled "Statement of Employer's Account." The word "judgment" on the form aroused his concern, so Donaldson called his attorney for information. On April 20, appellant's attorney learned from the district clerk's office that the judgment had been entered on January 24 and told Donaldson about the judgment. The address at the top of the form correctly listed appellant's post office box in Houston.

Donaldson identified a similar form from appellee which was dated March 12, 1990. This form showed appellant's address at the same post office box as the April form. The March statement contained a reference to a judgment that was identical to that in the April statement. Donaldson testified that he may have seen the March state-

ment from appellee, but that he never read it; he never noticed the word "judgment" on the March statement.

Donaldson stated that appellant had last moved its offices in November 1984 and that appellee had recently been mailing correspondence to appellant at its post office box. Mail delivered to appellant's post office box was handled by the office manager rather than directly by Donaldson himself.

Appellant's attorney testified that he did not know of appellant's receiving notice of the judgment from the district clerk; he first acquired knowledge of the judgment on April 20 when he called the district clerk's office and was advised of the January 24 judgment.

Larry Weishuhn was appellee's data processing supervisor, managing both electronic printing and the mail services. Weishuhn had supervised the mail room since mid-1987. He was familiar with appellee's "Statement of Employer's Account" forms, such as the March statement sent to appellant. Weishuhn described the routine practice of appellee in mailing these statements: they were generated each month by the computer and printed on the laser printer. Each statement was placed in an envelope with a pre-printed government permit number pursuant to appellee's franking privilege. Employees of appellee deposited the mail with the Postal Service by 5 p.m. each day.

A letter properly addressed, stamped, and mailed to the addressee is presumed to have been received by the addressee in due course. *Southland Life Ins. Co. v. Greenwade*, 159 S.W.2d 854 (Tex.1942); *Cooper v. Hall*, 489 S.W.2d 409 (Tex.Civ.App.1972, writ ref'd n.r.e.). The matters of proper addressing, stamping, and mailing may be proved by circumstantial evidence, such as the customary mailing routine in connection with the sender's business. *Cooper v. Hall, supra*. The mere denial of receipt may be sufficient to rebut the presumption. *Gulf Ins. Co. v. Cherry*, 704 S.W.2d 459 (Tex.App.1986, writ ref'd n.r.e.).

**416**

Here, Weishuhn provided circumstantial evidence that the March statement from the TEC was properly stamped and mailed; Donaldson's testimony was direct evidence that the March statement was correctly addressed. Donaldson did not deny that appellant had received the March statement, leaving in place the presumption of due receipt. That Donaldson failed to notice the word "judgment" on the March statement does not negate actual knowledge on appellant's part: actual knowledge embraces those things which exercise of the means of information at hand would have disclosed. *Portman v. Earnhart,* 343 S.W.2d 294 (Tex.Civ.App.1960, writ ref'd n.r.e.). The evidence is both factually and legally sufficient to support the trial court's findings that appellee properly addressed, stamped, and mailed appellant a document referring to the judgment on March 12, 1990, and that appellant received this document. Under these findings, appellant has failed to carry its burden to prove that it received notice of judgment on April 20, 1990.

The trial court correctly denied appellant's motion to establish April 20, 1990, as the date on which it learned of the judgment, and appellant's appeal bond, calculated from the date the judgment was signed, was not timely filed. Because this Court has no jurisdiction of the appeal, we deny appellant's motion to compel clerk to file transcript and statement of facts.