Keven PRESLEY, Appellant,

v.

TEXAS FARMERS INSURANCE
COMPANY, Appellee.

No. 14-97-00889-CV.

Court of Appeals of Texas,
Houston (14th Dist.).

July 2, 1998.

Tom Rowatt, Houston, for appellant.

Andrew M. Edison, Maureen Spector, Ileana M. Blanco, Houston, for appellee.

Before LEE, ANDERSON and EDELMAN, JJ.

## OPINION

LEE, Justice.

This is an appeal from an order granting summary judgment in favor of appellee, Texas Farmers Insurance Company ("Texas Farmers"). In two points of error, appellant, Keven Presley, contends the summary judgment was improperly granted. We reverse and remand.

## Background

In July of 1995, Presley sustained severe injuries when the car in which he was a passenger collided with another automobile. Texas Farmers insured both Keith Sago, the driver of the car, and Queen Faulkner, the owner of the car. On October 12, 1995, Tom Rowatt, Presley's attorney, mailed a letter to Texas Farmers offering to release Sago and Faulkner from any and all liability stemming from the accident in exchange for the insureds' policy limits of $20,000. Rowatt's letter also stated that "[t]his offer must be accepted in writing, delivered or faxed to the undersigned (Rowatt) no later than 3:00 p.m. on October 20, 1995 after which time it is automatically revoked."

On October 19, 1995, Texas Farmers issued a check in the amount of $20,000 payable jointly to Presley, Rowatt, and the Harris County Hospital District. Texas Farmers then mailed the check to Rowatt, along with a standard release agreement. On October 23, 1995, Rowatt returned the check and the release agreement, informing Texas Farmers that the settlement offer had expired by its own terms because it had not been delivered to him by the October 20th deadline. Presley then sued Sago and Faulkner for negligence.

In response, Texas Farmers filed a declaratory judgment action, seeking specific performance of the settlement agreement and attorney's fees. The cases were consolidated, and Texas Farmers moved for summary judgment. The trial court heard argument from both sides, found the parties had formed a valid and enforceable settlement agreement, and granted summary judgment in favor of Texas Farmers. Presley perfected this appeal.

## Standard of Review

When reviewing a summary judgment, we follow these well-established rules: (1) the movant for summary judgment has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding

whether there is a disputed material fact issue precluding summary judgment, we treat evidence favorable to the non-movant as true; and (3) every reasonable inference must be indulged in favor of the non-movant and any doubts must be resolved in favor of the non-movant. *See American Tobacco Co., Inc. v. Grinnell,* 951 S.W.2d 420, 425 (Tex. 1997). Where, as here, a party moves for summary judgment on its own claim for affirmative relief, the party must prove it is entitled to judgment as a matter of law on each element of its cause of action. *See MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex. 1986). If the party fails to conclusively establish all the elements necessary to its cause of action, summary judgment is improper. *See Wesson v. Jefferson S. & L. Ass'n,* 641 S.W.2d 903, 904–05 (Tex.1982).

### Analysis

In his first point of error, Presley contends the trial court erred in granting summary judgment in favor of Texas Farmers because Texas Farmers did not conclusively prove it accepted Presley's offer to settle by the October 20th deadline. In other words, Presley asserts that Texas Farmers' summary judgment proof is insufficient to prove that a settlement agreement existed between the parties.

In its motion for summary judgment, Texas Farmers argued that by placing a check for $20,000 in the mail on October 19, 1995, it timely accepted Presley's settlement offer, thereby creating an enforceable contract. In support of its motion, Texas Farmers offered the affidavit of Lela Davidson. Davidson's affidavit states, in pertinent part:

I have been a retriever for Texas Farmers Insurance Company ("Farmers") since April 1995 to the present. As a retriever, my duties include processing and delivering settlement checks. As part of my ordinary, customary, and routine practice and procedure, I obtain the issued checks, place them in envelopes addressed to the payee(s) and insure that they have proper postage prepaid, in a U.S. Post Office Box on my way home from work every day at 4:15 p.m., Monday through Friday.

. . . .

A true and correct copy of the check issued to Kevin [sic] Presley and Tom Rowatt, his attorney, and Harris County Hospital District is attached as Exhibit B to my affidavit. Exhibit B was issued on October 19, 1995. Therefore, pursuant to my ordinary, customary, and routine practice and procedure, I would have mailed [the check], postage prepaid, and addressed to Kevin [sic] Presley and Tom Rowatt, his attorney and Harris County Hospital District, . . . on October 19, 1995 at a U.S. Post Office Box on FM 1960 East at 4:15 p.m. I have no reason to believe that I did not mail out [the check] on October 19, 1995 at a U.S. Post Office Box on FM 1960 East at 4:15 p.m., as per my ordinary customary, and routine practice and procedure.

Presley concedes that if Texas Farmers' summary judgment proof conclusively demonstrates that it placed a settlement check in the mail on October 19, 1995, a binding settlement agreement was formed between the parties and summary judgment was proper. Presley insists, however, that Davidson's affidavit is insufficient to prove the date of mailing because it does not conclusively show that she, in fact, mailed the check before the October 20th deadline.[1]

Texas Farmers asserts that summary judgment was proper in this case because Davidson's affidavit (1) clearly establishes her ordinary and routine practice of depositing settlement checks, postage prepaid, in a U.S. Post Office Box on the same day the checks are issued, (2) indicates she mailed Presley's settlement check on October 19, 1995 (in accordance with her routine practice), and (3) was uncontroverted at trial. To support its argument, Texas Farmers cites *Hot Shot Messenger Service, Inc. v. State,* 798 S.W.2d 413 (Tex.App.—Austin 1990, writ denied), and *Cooper v. Hall,* 489 S.W.2d 409

---

1. It is undisputed that Davidson's affidavit is the only summary judgment proof Texas Farmers offered to prove the settlement check was mailed on October 19, 1995. Therefore, the only issue before us is whether Davidson's affidavit shows, as a matter of law, that she mailed the check before the October 20th deadline.

(Tex.Civ.App.—Amarillo 1972, writ ref'd n.r.e.).

In *Hot Shot*, the appellant argued the evidence was legally and factually sufficient to support the trial court's findings that he had received actual notice of a default judgment entered against him. *See* 798 S.W.2d at 414. The Austin Court of Appeals affirmed the trial court, finding that an employee's testimony regarding the appellee's ordinary mailing routine was "circumstantial evidence" that the appellee had properly stamped and mailed the document giving the appellant notice of the default judgment. *Id.* at 416. Similarly, in *Cooper*, the Amarillo Court of Appeals held that proof of mailing may be established by "circumstantial evidence, such as the customary mailing routine in connection with the sender's business." *See* 489 S.W.2d at 415.

*Hot Shot* and *Cooper* clearly stand for the proposition that an employee's testimony regarding his employer's ordinary mailing routine constitutes *some* evidence that a particular document was mailed in conformity with that practice; however, that is not the issue before us. The question in this case is whether such testimony is sufficient to prove, *as a matter of law,* that a document was mailed in conformity with the employer's routine practice. *See, e.g., MMP, Ltd.,* 710 S.W.2d at 60. We find it does not.

Davidson's statements that she "would have" mailed the settlement check on October 19, 1995 (in accordance with her ordinary routine) and "had no reason to believe [she] did not" mail the check on that date are not unqualified assertions that she *did* mail the check on October 19, 1995. *See, e.g., Hall v. Stephenson,* 919 S.W.2d 454, 466 (Tex.App.—Fort Worth 1996, writ denied) ("Statements in an affidavit must be 'so direct and unequivocal that perjury can be assigned against the affiant if the statement is false.' "); *accord Draper v. Garcia,* 793 S.W.2d 296, 300 (Tex.App.—Houston [14th Dist.] 1990, no writ). Although Davidson's

statements are some evidence from which a jury could reasonably infer the mailing date, they do not conclusively establish that fact. Indeed, we have been unable to locate any case holding that a disputed issue of material fact may be conclusively proven with testimony that a person (or business) "would have" acted in conformity with his (its) ordinary routine on the occasion in question.[2]

## Conclusion

As the party seeking affirmative relief and the movant for summary judgment, Texas Farmers was required to prove it was entitled to judgment by conclusively establishing it mailed the settlement check before the October 20th deadline as required by Presley's settlement offer. *See MMP, Ltd.,* 710 S.W.2d at 60. Given the record before us, we cannot conclude that Texas Farmers carried its burden. Accordingly, Presley's first point of error is sustained, the judgment of the trial court is reversed, and the case is remanded for further proceedings. Because we have found reversible error, we need not address Presley's second point of error.

---

2. In their briefs, the parties devote considerable time debating whether Davidson's affidavit satisfies the requirements of Texas Rule of Civil Procedure 166a(c) (stating that an interested witness' affidavit must be clear, positive, direct, free from contradictions, and readily controvertible). Although the requirements found in Rule 166a(c) assist courts in determining whether an affidavit qualifies as competent summary judgment proof, the issue of whether that affidavit conclusively establishes the movant's right to summary judgment is a different matter.