COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 BIG BEND
 COMMUNICATIONS, INC. D/B/A GRANITE PUBLICATIONS D/B/A FORT STOCKTON PIONEER
 AND JIM CHIONSINI, CEO,
  
                             Appellants,
  
 v.
  
 HOLLY
 MEILLER,
  
                             Appellee.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-03-00201-CV
  
 Appeal from the
  
 County Court
  
 of Pecos County, Texas
  
 (TC#2759)
 
 




 

MEMORANDUM
OPINION

Pending is appellants= motion to retain this appeal on the
docket of this Court.  For the reasons
that follow, we deny the motion and dismiss the appeal.

Background     








We sent the parties notice of our
intent to dismiss this appeal for want of jurisdiction unless any party could
show grounds for continuing the appeal.  See
Big Bend Communications v. Meiller, No. 08-03-00201-CV, 2003 WL 21517836,
at *1 (Tex. App.--El Paso July 3, 2003, no pet. h.).  The notice was based on documents on file
with this Court, indicating that the judgment was signed on December 30, 2002,
and that appellants filed their motion for new trial on January 30, 2003 and
their notice of appeal on May 2, 2003.  Id.  Based on a judgment date of December 30,
2002, the motion for new trial and notice of appeal were untimely.  Id.; see also Tex. R. Civ. P. 306a.1, 329b(a); Tex. R. App. P. 26.1(a).

Appellants responded to our notice
with a motion to retain the appeal.  In
their motion, appellants claim that they did not receive notice that the
judgment was signed until January 30, 2003. 
Accordingly, they argue that the time for filing the motion for new
trial and the notice of appeal did not begin running until that date.  See Tex.
R. Civ. P. 306a.4; Tex. R. App.
P. 4.2(a)(1).  Because it appeared
that the trial court had conducted a hearing to determine when appellants
received notice of the judgment, we ordered appellants to make arrangements
with the county clerk and the court reporter to have clerk=s and reporter=s records filed in this Court.  See Meiller, 2003 WL 21517836, at
*2.  We have now received the clerk=s record and we have been informed by
appellants and the county clerk that a court reporter was not present for the
hearing.








The clerk=s record contains appellants= AMotion for Additional Time to File
Documents.@ 
Attached to this motion are affidavits by one of the appellants and by
appellants= attorney.  The affiants state that they did not learn
that the judgment had been signed until January 30, 2003.  The clerk=s record also contains an AOrder Denying Motion for New Trial
Nunc Pro Tunc.@ 
In this order, the court made the following findings: (1) the parties
received notice of the judgment on January 30, 2003; (2) based on the sworn
testimony of the county clerk, the judgment was mailed to appellants= attorney on December 30, 2002; (3)
appellants= attorney was given notice of the
judgment by his presence when the judgment was rendered; and (4) appellants= motion for new trial was not timely
filed.

Discussion

Generally, the time for filing a
motion for new trial and a notice of appeal runs from the date the judgment was
signed.  See Tex. R. Civ. P. 306a.1; Tex. R. App. P. 26.1 But if a party
does not receive notice or actual knowledge of the signing of the judgment
within twenty days after its signing, the time runs from the date the party
received notice or actual knowledge.  Tex. R. Civ. P. 306a.4; Tex. R. App. P. 4.2(a)(1).  To establish the applicability of this
exception, the party must prove in the trial court, on sworn motion, the date
the party received notice or actual knowledge of the signing.  Tex.
R. Civ. P. 306a.5; Tex. R. App.
P. 4.2(b).  If notice of the
judgment was properly addressed, stamped, and mailed to the party or the party=s attorney, the trial court may
presume that the notice was received in due course.  Hot Shot Messenger Serv. v. State, 798
S.W.2d 413, 415 (Tex. App.--Austin 1990, writ denied); Jimmy Swaggart
Ministries v. City of Arlington, 718 S.W.2d 83, 86 (Tex. App.--Fort Worth
1986, no writ).








Appellants argue that:  (1) the trial court=s findings that their attorney was
present when judgment was rendered and that the judgment was mailed to the
attorney are immaterial because appellants did not receive notice that the
judgment was signed until January 30, 2003; and (2) the trial court=s finding that the motion for new
trial was untimely is erroneous.

We review the trial court=s findings regarding the date a party
received notice or actual knowledge of the signing of a judgment under the
standards for legal and factual sufficiency of the evidence.  Sharm Inc. v. Martinez, 885 S.W.2d
165, 167 (Tex. App.--Corpus Christi 1993, no writ); Hot Shot Messenger Serv.,
798 S.W.2d at 414.  When there is no
reporter=s record, we must presume that
sufficient evidence was introduced to support both the trial court=s express findings and any omitted
findings necessary to support the order. 
Mays v. Pierce, 154 Tex. 487, 493, 281 S.W.2d 79, 82 (1955); Nelkin
v. Panzer, 833 S.W.2d 267, 268 (Tex. App.--Houston [1st Dist.] 1992, writ
dism=d w.o.j.); Nacol v. Metallic Dev.
Corp., 614 S.W.2d 172, 175 (Tex. Civ. App.--Fort Worth 1980, writ dism=d).

In this case, we do not have a
reporter=s record.  Accordingly, we presume that there is
sufficient evidence to support the trial court=s order and its relevant
findings.  In particular, we note that
the trial court found that the judgment was mailed to appellants= attorney on December 30, 2002.  We presume that there was also evidence that
the judgment was properly addressed and stamped.  Although appellants claimed that the attorney
never received the notice, this merely created a fact issue for the trial court
to resolve.  See Jimmy Swaggart
Ministries, 718 S.W.2d at 86.








Having no reporter=s record, we accept the trial court=s finding that the motion for new
trial was untimely.  Therefore, the
notice of appeal was also untimely.  See
Tex. R. App. P. 26.1.

Conclusion

For the reasons stated herein, the
motion to retain the appeal is denied, and the appeal is dismissed for want of
jurisdiction.

 

SUSAN
LARSEN, Justice

August 28, 2003

 

Before Panel No. 1

Larsen, McClure, and Chew,
JJ.