

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00105-CV

Troy **STEVENS** d/b/a Real Estate Workshop, Cory Wadsworth, and MJ Augie Bove,
Appellants

v.

Cory **SMITH**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2019CV09409
Honorable David J. Rodriguez, Judge Presiding

PER CURIAM

Sitting:      Irene Rios, Justice
                Beth Watkins, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: September 22, 2021

DISMISSED FOR LACK OF JURISDICTION

Appellants appeal from a default judgment signed by the trial court on December 14, 2020. We ordered appellants to show cause why this appeal should not be dismissed for lack of jurisdiction because it appeared that appellants' notice of appeal was not timely filed. After considering appellants' response and the record, we conclude appellants' notice of appeal was not timely filed and, therefore, dismiss this appeal for lack of jurisdiction.

"A timely notice of appeal is necessary to invoke this court's jurisdiction." *In re L.R.S.*, No. 04-20-00507-CV, 2020 WL 7365444, at *1 (Tex. App.—San Antonio Dec. 16, 2020, no pet.)

(mem. op.). Generally, a party's notice of appeal must be filed within thirty days after a judgment is signed. *See* TEX. R. APP. P. 26.1. However, if any party timely files a motion for new trial, a motion to modify the judgment, a motion to reinstate under Texas Rule of Civil Procedure 165a, or a proper request for findings of fact and conclusions of law, the notice of appeal must be filed within ninety days after a judgment is signed. *See id.* 26.1(a).

In this case, the trial court signed the judgment on December 14, 2020. More than thirty days after the judgment was signed, on Thursday, January 14, 2021, appellants filed a motion for new trial. *See* TEX. R. CIV. P. 329b(a) (requiring a motion for new trial be filed no later than thirty days after the judgment is signed). In the absence of a timely motion for new trial, appellants' notice of appeal was due on or before Wednesday, January 13, 2021. However, appellants did not file their notice of appeal until March 15, 2021.

In their response to our show cause order, appellants argue their notice of appeal was timely filed because Rule "306(a)(4) extended the deadline for the filing of the [m]otion for [n]ew [t]rial, rendering that motion [and the notice of appeal] timely filed on January 14, 2021." Appellants also argue "the Rule 306a(4) extension became triggered" because they claimed they did not receive actual notice of the judgment within twenty days of the signing of the judgment.

"Post-judgment procedural timetables . . . run from the day a party receives notice of judgment, rather than the day judgment is signed, if the party: (1) complies with the sworn motion, notice and hearing requirements mandated by [Texas Rule of Civil Procedure] 306a(5), and (2) proves it received notice of the judgment more than twenty (but less than ninety-one) days after it was signed." *In re Lynd Co.*, 195 S.W.3d 682, 685 (Tex. 2006) (orig. proceeding) (citing TEX. R. CIV. P. 306a). However, Rule 306a(4) is not self-executing. *In re M.M.*, No. 04-00-00649, 2001 WL 1335414, at *2 (Tex. App.—San Antonio Oct. 31, 2001, no pet.) (not designated for publication). "In order to establish the application of [Rule 306a(4)], the party adversely affected

is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed." TEX. R. CIV. P. 306a(5). "Rule 306a places the burden on appellant to prove the date he received notice and that it was more than 20 days after the judgment was signed." *Hot Shot Messenger Serv., Inc. v. State*, 798 S.W.2d 413, 414 (Tex. App.—Austin 1990, writ denied). "A party must obtain an order from the trial court that reflects the date the party or the party's attorney either received notice or acquired actual knowledge that the order was signed." *Pilot Travel Ctrs., LLC v. McCray*, 416 S.W.3d 168, 176 (Tex. App.—Dallas 2013, no pet.). The trial court's order denying a motion to extend post-judgment deadlines may be appealed. *See Hot Shot Messenger Serv.*, 798 S.W.2d at 414-16 (reviewing evidence admitted at the Rule 306a(5) hearing and concluding the trial court correctly denied appellant's motion to establish the date he learned of the judgment).

Here, the record shows appellants filed an unverified motion for new trial on January 14, 2021, and a first amended verified motion for new trial on January 20, 2021. Attached to the amended motion was a declaration from appellants' counsel stating: "On January 13, 2021, mail that had been delivered to my mailing address at 770 East Main Street, Suite 242, Lehi, UT 84043, was processed. At that time, I became aware of several notices of judgment against the Defendants, dated December 14, 2020. This was the first time I was made aware of the judgment…." The record indicates the trial court held a hearing on appellants' first amended verified motion for new trial/motion to extend post-judgment deadlines,[1] and subsequently denied the motion. Appellants did not appeal the order denying the motion.

---

[1] Courts treat an appropriate post-judgment motion as a motion to extend post-judgment deadlines. *See In re J.Z.P.*, 484 S.W.3d 924, 925 (Tex. 2016) ("Justice plainly required the trial court and court of appeals to treat [the appellant's] motion as extending post-judgment deadlines.").

Because the trial court denied appellants' motion to extend post-judgment deadlines, the trial court's plenary power was not extended, and appellants' notice of appeal was due within thirty days after the judgment was signed, which was January 13, 2021. *See* TEX. R. APP. P. 26.1. Appellants' March 15, 2021 notice of appeal was untimely, and we have no jurisdiction over this appeal.[2] Accordingly, this appeal is dismissed for lack of jurisdiction.

PER CURIAM

---

[2] Appellants have not asked us to construe their notice of appeal as a notice of restricted appeal. *See*, e.g., *Garza v. Grupo Comercio Mundial, Inc.*, No. 04-19-00564-CV, 2020 WL 5646470, at *2 (Tex. App.—San Antonio Sept. 23, 2020, no pet.) (granting the appellant's request to construe his notice of appeal as a restricted appeal and retaining the case on the court's docket); TEX. R. APP. P. 30 (setting out the requirements for a restricted appeal).