

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00174-CR

———————————————

RONALD CARL LEE, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR15019

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

Ronald Carl Lee appeals his conviction for indecency with a child, a second-degree-felony offense. *See* Tex. Penal Code Ann. § 21.11(a)(1), (d). Lee entered a guilty plea without the benefit of either a charge bargain or a sentencing bargain and elected to have his punishment assessed by the trial judge. Following a sentencing hearing, the trial court sentenced Lee to 20 years' incarceration. Lee filed a motion for new trial, which the trial court denied after a hearing. This appeal followed.

On appeal, Lee's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief reflecting that counsel has determined, after examining the appellate record, that no arguable grounds for appeal exist.[1] *See Anders*

---

[1]In her brief, Lee's counsel points out that the trial court failed to comply with all the requirements of Article 26.13 of the Texas Code of Criminal Procedure when accepting Lee's guilty plea but opines that the errors were minor and do not constitute grounds for reversal. We agree. First, the trial court failed to "inquire as to whether a victim impact statement ha[d] been returned to the attorney representing the state" as required by Article 26.13(e). Tex. Code Crim. Proc. Ann. art. 26.13(e). But because the statute specifically provides that failure to comply with Article 26.13(e) "is not grounds for the defendant to set aside the conviction, sentence, or plea," this is not reversible error. *See id.* art. 26.13(f). Second, while Lee was admonished in writing that his guilty plea could result in his being deported, excluded from admission to this country, or denied naturalization if he is not a United States citizen, the trial court did not also verbally admonish him of this fact as required by Article 26.13(d-1). *See id.* art. 26.13(a)(4), (d-1). But because the record includes Lee's social security number—which strongly suggests that he is a United States citizen—and contains no evidence indicating that he lacks United States citizenship, any failure to admonish him about the immigration consequences of his guilty plea is harmless error. *See VanNortrick v. State*, 227 S.W.3d 706, 709 (Tex. Crim. App. 2007) ("[W]hen the record shows a defendant to be a United States citizen, the trial court's failure to admonish him on the immigration consequences of his guilty plea is harmless error."); *see also Fakeye v. State*, 227 S.W.3d 714, 716 (Tex. Crim. App. 2007) (noting that direct evidence is not

*v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion meet the requirements of *Anders*, which requires presenting a professional evaluation of the entire record in the case demonstrating why there are no arguable grounds for relief. *Id.*, 87 S. Ct. at 1400. Although provided the opportunity to seek a copy of the appellate record and file a pro se response, Lee declined to do so.[2] Likewise, the State did not file a response to the *Anders* brief.

We have independently examined the record, as is our duty upon the filing of an *Anders* brief. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *see*

---

required to support an inference regarding a defendant's citizenship status for purposes of an Article 26.13(a)(4) harm analysis).

[2]In compliance with the *Anders* requirements, Lee's appellate counsel originally sent Lee a letter on December 16, 2022, enclosing a copy of her *Anders* brief and her motion to withdraw, notifying him of his right to file a pro se response, and informing him of his right to file a pro se petition for discretionary review. In addition, on December 20, 2022, we mailed Lee written notice that his appellate counsel had filed an *Anders* brief and that he could obtain a copy of the appellate record and file a pro se response. These notices were mailed to Lee's address at the Texas Department of Criminal Justice's Beto Unit in Tennessee Colony, Texas. At our direction, Lee's appellate counsel mailed Lee a second letter on March 24, 2023, at his new address in the Texas Department of Criminal Justice's Holliday Unit in Huntsville, Texas, highlighting his right to file a pro se petition for discretionary review if we affirmed his conviction. Finally, on April 6, 2023, we sent another written notice to Lee at his latest address in the Texas Department of Criminal Justice's Byrd Unit in Huntsville, Texas. Neither of the notices we sent were returned as undeliverable, nor has appellate counsel informed us that her letters were returned, so we presume that Lee received them. *Cf. Cooper v. Hall*, 489 S.W.2d 409, 412–13, 415 (Tex. App.—Amarillo 1972, writ ref'd n.r.e.) (noting the presumption of receipt that arises when the evidence shows that a letter "was properly addressed, stamped, and mailed to [the recipient] at his correct address and placed in the United States mails and not returned to [the sender] by the postal authorities").

*also Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). After carefully reviewing the record and counsel's brief, we agree with counsel that this appeal is wholly frivolous and without merit. Our independent review of the record reveals nothing further that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 13, 2023