**William V. EDWARDS, Jr., Appellant,**

v.

**STATE BANK OF SATANTA, KANSAS, Appellee.**

**No. 07–84–0199–CV.**

Court of Appeals of Texas, Amarillo.

Feb. 28, 1986.

Mark D. White, Culton, Morgan, Britain & White, Amarillo, for appellant on appeal only.

David L. LeBas, Gibson, Ochsner & Adkins, Amarillo, for appellee.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

REYNOLDS, Chief Justice.

Summarily adjudged liable to the State Bank of Satanta, Kansas, in the sum of $89,402.48 on his written guarantee to pay the unpaid note indebtedness of Ganadera, Inc., William V. Edwards, Jr. appeals, attacking the judgment with five points of error. The bank has a request in the nature of a cross-point for a reformation of the judgment to include the amount of attorney's fees the court found, but did not decree, the bank should recover. Because the preliminary fact issue of notice of the

summary judgment hearing is unresolved, the appeal will be abated for a determination of the fact.

Edwards, then the president of Ganadera, Inc., a Texas corporation, executed the corporation's two promissory notes dated 12 October 1978 and made payable to the order of The State Bank of Satanta. One of the notes was in the principal sum of $50,000 and was due on 12 April 1978. On the day the notes were executed, Edwards and others jointly executed a loan guaranty agreement by which, in order for the corporation to secure and the bank to extend it credit, they guaranteed the full and prompt payment to the bank at maturity of any and all indebtedness, liabilities, and obligations owed by the corporation to the bank to the extent of $500,000. The guaranty agreement further specified that authority is given to the bank to make extensions and renewals of the indebtedness covered without notice to the guarantors.

The $50,000 note was twice renewed and the maturity date was last extended to 26 January 1980 by two succeeding notes executed in behalf of Ganadera by two of its officers, neither of which was Edwards. Among the collateral and security listed for the note was the personal guaranty agreement executed by Edwards and others.

Ganadera defaulted in payment of the note when it became due. The bank initiated its action to recover the principal amount due on the note, the accrued interest, and reasonable attorney's fees, from Ganadera, Edwards, and the other signatories to the guaranty agreement. However, by the time the trial court rendered the summary judgment from which this appeal has been perfected, all defendants except Edwards had been procedurally removed from this cause.

After Edwards answered, interposing various pleas, and replied to a request for admissions of facts, the bank moved, with supporting documents, for summary judgment on the ground that there is no genuine issue of material fact of Edward's liability, via his loan guaranty agreement, on the note sued upon. In response, Edwards filed a verified pleading.

Subsequently on 30 April 1984, after all pleadings and supporting documents had been filed, the trial court rendered judgment which, except for the formal heading and ending, is in these words:

On the 30th day of April, 1984, came on to be heard the MOTION FOR SUMMARY JUDGMENT of STATE BANK OF SATANTA, KANSAS, Plaintiff, against WILLIAM V. EDWARDS, JR., Defendant. The Plaintiff appeared through its agent by affidavit and by its attorney of record and announced ready. The above named Defendant, although having been duly and legally cited to appear and answer, failed to appear and answer, and wholly made default.

Notice of the hearing was served on the attorney of record for Defendant. The Court has read the pleadings and the papers on file, and is of the opinion that the allegations of Plaintiff's Motion for Summary Judgment have been admitted and that the cause of action is liquidated and proved by an instrument in writing, and finds that Defendant WILLIAM V. EDWARDS, JR. is indebted to Plaintiff in the principal sum of $55,545.57, plus legal interest of $33,556.91, and should recover a reasonable attorney's fee, which the Court finds to be $4,000.00

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that STATE BANK OF SATANTA, KANSAS, Plaintiff, have and recover from WILLIAM V. EDWARDS, JR., Defendant, the sum of $89,102.48 with interest hereon at the legal rate of thirteen and one-half percent (13.5%) per annum, as provided by said instrument from the date of judgment until paid, together with all costs of court in this behalf expended.

The judgment prompted Edwards' motion for new trial by which he alleged that, for reasons stated, the judgment was erroneous under the standard for either a default judgment or a summary judgment. Later, one of the bank's attorneys addressed a letter to the trial judge purportedly trans-

mitting a copy of a judgment nunc pro tunc to replace the original judgment, which was proposed to delete references to Edwards' default and admission of the allegations in the bank's summary judgment motion, and to amend the amount of the total judgment to include the $4,000 the court found should be recovered by the bank as reasonable attorney's fees.

Subsequently, the court, reciting the hearing of evidence and consideration of arguments and briefs of counsel for the parties, signed an order denying Edwards' motion for new trial. The court was not requested to, and did not, rule on the proposed judgment nunc pro tunc.

Appealing, Edwards contends, with the first three of his five points of error, that the court erred in rendering summary judgment because proper notice of the hearing was not served as required by law, genuine issues of material fact exist, and the motion for summary judgment was considered under an improper standard of law. With his last two points, Edwards contends that if the judgment rendered is found to be a default judgment, then the court erred in rendering it because he had made a written appearance, and abused its discretion in failing to set it aside when he fulfilled the requirements for doing so. To determine the viable points before us, it becomes necessary to resolve the nature of the judgment actually rendered.

■ When the judgment is viewed and construed as a whole, as it is to be to give effect to all parts if possible, *Rodgers v. Williamson,* 489 S.W.2d 558, 560 (Tex. 1973), it is immediately obvious that the judgment is ambiguous in that it reasonably could be construed as a summary judgment or a default judgment. These circumstances invoke the rule that the judgment is construed in the light of the entire contents of the record and the motion upon which it was rendered. *Lone Star Cement Corporation v. Fair,* 467 S.W.2d 402, 404–05 (Tex.1971).

■ There is nothing in the record to indicate that the bank ever moved for a default judgment. On the other hand, not only does the record contain the bank's motion for summary judgment, which the judgment rendered recites was heard on 30 April 1984, but it contains a letter, dated 2 April 1984, written by one of the bank's attorneys to Edwards' trial counsel advising that a hearing had been set on the motion at 9:30 a.m. on 30 April 1984. We, therefore, hold, agreeable to the trial court's later and orally expressed view, that the judgment rendered was a summary judgment.

■ Since Edwards drafted his fourth and fifth points to address only the rendition of a default judgment, they are moot. As the consequence thereof, they are overruled.

In his motion for new trial, Edwards raised, among other matters, his first-point contention that he was not given the required notice of the summary judgment hearing. At the hearing on the new trial motion, the trial court, saying he had treated and would treat the proceeding as one on a motion for summary judgment, stated, "So, the only thing I'm concerned about, I suppose, is whether or not there was notice of the hearing."

The record before the court revealed that the hearing on the summary judgment motion originally was set for 22 March 1984, but was passed at the request of Edwards' trial counsel for a later setting. Seven days later on March 29, Edwards' counsel wrote the trial judge that the bank's counsel had inquired whether he, Edwards' counsel, could be ready for a hearing the following week, that he advised the bank's counsel it would be necessary to modify his pleadings, and, because of the press of business, he requested a "better time in which to ready these cases for the Court's consideration."

Thereafter on April 2, so one of the bank's attorneys avowed, he called the trial judge's office, secured a hearing date of April 30, albeit there is no court order to that effect, and prepared a letter advising Edwards' attorney the hearing had been set at 9:30 a.m. on April 30. According to

the affidavits of the attorney and his secretary, the letter was properly addressed and mailed, with postage prepaid, in an envelope bearing the attorney's law firm's return address, to Edwards' attorney. The letter was not returned undelivered by the post office.

To the contrary, Edwards' attorney testified by deposition that he was certain he did not receive the notice letter, that it was not in his file, and that he was sure he did not receive notice otherwise. His secretary also testified by deposition that the office never received the original or a copy of the notice letter, and that she knows of no letters addressed to the office that she has lost. The attorneys conceded that they had not talked with each other about the April 30 hearing date.

The court, hearing the evidence, said, "On the record as it existed at the time that the hearing was set, whether [Edwards' attorney] received notice or not, I would have granted the Motion for Summary Judgment." Continuing, the court announced, "That being the situation, I see no purpose in granting a Motion for New Trial." Thereupon, the court denied a new trial without determining whether notice of the hearing had been mailed to Edwards.

■ The right to summary judgment exists only by virtue of Rule 166–A, Texas Rules of Civil Procedure, and for a litigant to be entitled to the benefits of the rule, he must comply with all of its terms. *Tobin v. Garcia*, 159 Tex. 58, 316 S.W.2d 396, 400 (1958). The present rule states that "[e]xcept on leave of court, with notice to opposing counsel, the motion [for summary judgment] and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing." Tex.R.Civ.Pro. 166–A(c). Obviously, this language specifies notice of the hearing of the summary judgment motion as one of the terms to be complied with; indeed, the language has been held to require notice of the hearing at least twenty-one days prior to the day on which it occurs. *Gulf Refining v. A.F.G. Management 34*

*Ltd.*, 605 S.W.2d 346, 349 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.).

■ The affidavit proof of the preparation and mailing of the notice letter on April 2, more than twenty-one days before the hearing, and the testimonial denial of its receipt, merely create a material issue of fact whether the notice letter was mailed. *Sudduth v. Commonwealth County Mutual Ins. Co.*, 454 S.W.2d 196, 197–98 (Tex.1970). As noted, the trial court did not determine the fact issue created on notice, and this Court has no jurisdiction to, and cannot, make the original finding of fact. *Bellefonte Underwriters Insurance Company v. Brown*, 704 S.W.2d 742 (1986); *City of Beaumont v. Graham*, 441 S.W.2d 829, 832–33 (Tex.1969).

■ Nevertheless, the unresolved fact issue of notice is not a factual issue that necessarily vitiates the summary judgment rendered. This is for the reason that it is not a fact issue bearing on the ultimate question whether the bank established its entitlement to summary judgment on the issues expressly presented to the court, particularly in the light of Edwards' response. Instead, it is a procedural anomaly to be corrected by the trial court in response to the motion for new trial; but, since the court failed to do so, corrective action is to be taken by this Court. *French v. Brown*, 424 S.W.2d 893, 894 (Tex.1967).

Accordingly, the appeal is abated and the cause is remanded to the trial court. When the remand is effected, the trial court shall, after due notice to the parties, forthwith hold a hearing and determine whether the 2 April 1984 notice letter was mailed to Edwards' attorney.

The trial court shall certify its determination of the fact found to this Court, at which time the appeal will be reinstated. If the notice letter was mailed, the merits of the appeal will be determined; if the notice letter was not mailed, the summary judgment rendered will be reversed and the cause will be remanded.

It is so ordered.

DODSON, J., not participating.