BRIAN MILLSAP V. SHOW TRUCKS USA, INC.



NO. 07-05-0059-CR


NO. 07-05-0064-CR


NO. 07-05-0065-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JUNE 22, 2005


______________________________



MICHAEL EDWARD KILPATRICK,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 22nd DISTRICT COURT OF HAYS COUNTY;



NOS. CR-04-570, CR-03-711, CR-04-528; HON. RON CARR, PRESIDING


_______________________________



ABATEMENT AND REMAND


__________________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Michael Edward Kilpatrick (appellant) appeals his convictions for criminal solicitation
of a minor, attempted sexual performance by a child, and attempted aggravated sexual
assault. The clerk's records were filed on January 13, 2005, and the reporter's records
were filed on February 22 and 28, 2005. Thus, appellant's brief in each case was due
March 30, 2005. That date passed without appellant filing briefs, however. So, on April 11,
2005, this court notified appellant that neither the briefs nor an extension of time to file 
briefs had been received by the court. In response, counsel for appellant filed a motion for
extension of time to file the briefs, which motion was granted to May 31, 2005. No briefs
or extension motion was filed by counsel before the due date. On June 9, 2005, counsel
for appellant was again notified that neither the briefs nor an extension of time to file the
briefs had been filed. Counsel was also admonished that if he did not respond to the
court's letter by June 20, 2005, the appeals would be abated to the trial court. No response
or brief has been received by the court.

 Consequently, we abate these appeals and remand the causes to the 22nd District
Court of Hays County (trial court) for further proceedings. Upon remand, the trial court
shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing
to determine the following:

 1. whether appellant desires to prosecute the appeals;

 

 2. whether appellant is indigent and entitled to appointed counsel; and,


 3. whether appellant has been denied the effective assistance of counsel
due to appellate counsel's failure to timely file appellate briefs. See
Evitts v. Lucey, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35, 83 L.
Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled
to the effective assistance of counsel on the first appeal as of right
and that counsel must be available to assist in preparing and
submitting an appellate brief). 

 We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue these appeals, is indigent, has appointed counsel, and has been denied effective
assistance of counsel, or has no counsel, then we further direct it to appoint new counsel
to assist in the prosecution of the appeals. The name, address, phone number, telefax
number, and state bar number of the new counsel, if any, who will represent appellant on
appeal must also be included in the court's findings of fact and conclusions of law. 
Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's
record containing the findings of fact and conclusions of law and 2) a reporter's record
transcribing the evidence and argument presented at the aforementioned hearing. 
Additionally, the trial court shall cause the supplemental clerk's records in each case to be
filed with the clerk of this court on or before July 22, 2005. Should additional time be
needed to perform these tasks, the trial court may request same on or before July 22,
2005.

 It is so ordered.


 Per Curiam

Do not publish.



 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-0333-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C 

 

 SEPTEMBER 28, 2010



 

 



 

 

HASAN A. ZAYED, A/K/A MIKE ZAYED, D/B/A AIM LIMOUSINE SERVICE, INC.,
APPELLANT

 

v.

 

BEST PUBLICATIONS, LLP, APPELLEE 



 

 



 

 FROM THE 47TH DISTRICT
COURT OF RANDALL COUNTY;

 

NO. 57,410-A; HONORABLE RICHARD DAMBOLD, JUDGE[1]



 

 



 

Before QUINN, C.J., HANCOCK and PIRTLE, JJ.

 

MEMORANDUM OPINION

            Appellant, Hasan A. Zayed, a/k/a Mike
Zayed d/b/a Aim Limousine Service, Inc. (Zayed), appeals from entry of summary
judgment in favor of Appellee, Best Publications LLP (Best), on its breach of
contract claim.  In support, Zayed
asserts the trial court erred in granting summary judgment in Best's favor
(Issues I through III), granting summary judgment against Hasan A. Zayed a/k/a
Mike Zayed individually (Issue IV), awarding liquidated damages to Best (Issue
V), and finding a valid contract existed between Zayed and Best (Issue
VI).  We affirm.  

Background

            On
May 26, 2009, Best filed an amended original petition alleging Zayed had
defaulted on a written advertising contract with Best.  Even though Zayed's
original answer contained verified denials, it did not contain a denial of
liability in the capacity sued.  See Tex. R. Civ. P. 93(2) (Vernon Supp.
2010).  Under the parties' contract, Best
agreed to supply and publish advertising for Zayed in its 2003 Northwest
Houston telephone directory.  In return,
Zayed agreed to pay $34,168.00, less a discount of $12,562.00, for a total of
$21,606.00.  

            On
June 1, Best filed a motion for summary judgment and the trial court entered an
order setting a hearing for June 26, 2009, at 10:00 a.m. in the 47th District
Court, Amarillo, Randall County, Texas. 
Attached to Best's motion was a copy of the parties' contract signed by
Zayed, a sworn affidavit of Zayed's account balance ($17,201.08) together with
per diem pre-judgment interest ($5.65 per day from May 15, 2004), and an
affidavit from Best's attorney claiming $3,000 in attorney fees.  In his response, Zayed asserted that he could
not be held individually liable for the debts of his limousine service under
Texas corporate law, the damages did not relate to any actual harm caused Best, and Best misrepresented the number of directories that
would be distributed containing Zayed's advertisement.  Zayed's sole exhibit was an affidavit by
Harry House, a former Best employee.  

            On
June 26, the trial court held the scheduled hearing.  Neither Zayed nor his counsel appeared.  On July 10, 2009, the trial court issued its
judgment granting summary judgment in Best's favor awarding the sum of
$17,201.18, plus prejudgment interest of $20,484.65, and $3,000 in attorney
fees.[2]  Thereafter, Zayed filed this appeal.

Discussion   

            At
the outset, we must address the content of Zayed's brief.   The Texas Rules of Appellate Procedure
control the required contents and organization of an appellant's brief.  See
Tex. R. App. P. 38.1.  One of those
requirements is that an appellant's brief must contain a clear and concise
argument including appropriate citations to the record.  Failure to comply with Rule 38.1(i), i.e., "[f]ailure to brief, or to adequately brief,
an issue by an appellant, effects a waiver of that
issue on appeal."  Sunnyside Feedyard, L.C. v.
Metropolitan Life Insurance Company, 106 S.W.3d 169, 173
(Tex.App.--Amarillo 2003, no pet.) (citing General Serv. Comm'n. v. Little-Tex Insulation Co., 39 S.W.3d 591,
598 n.1 (Tex. 2001);  Denmon v. Atlas Leasing, L.L.C., 285
S.W.3d 591, 597 (Tex.App.--Dallas 2009, no pet.) ("Bare assertions of error,
without argument, authority, or citation to the record waive error.").  See
City of Alton v. City of Mission, 164
S.W.3d 861, 870 (Tex.App.--Corpus Christi 2005, pet. denied) (appellant's asserted
fact issue related to an affirmative defense waived due to inadequate briefing);
Telechek Services, Inc. v. Elkins,
226 S.W.3d 731, 737 (Tex.App.--Dallas 2007, no pet.) (appellant's asserted
issue related to an unpled action waived due to inadequate briefing).

            Each
of Zayed's six issues are argued in a conclusory fashion unsupported by
citation to the record, relevant legal authority, or substantive analysis.  Issue I asserts that the trial court erred in
"granting a default summary judgment" because Zayed timely filed an
answer to Best's motion.  Zayed then
summarily states that Best's summary judgment evidence was inappropriate, its
damages calculation inaccurate, and its affidavit for attorney fees
insufficient.  Issue II asserts Zayed
created an issue of fact "in the form of the affidavit of Harvey House"
concerning whether the contract was valid because of fraud in the inducement;
however, he never provides any substantive analysis.   Issue III asserts that the trial court erred
in granting Best's "no evidence motion for summary judgment."  Without any reference to the summary judgment
evidence presented, Zayed contends that he raised fact issues,
Best's summary judgment evidence was inadequate, and Best failed to give notice
of the debt prior to filing suit.  In
addition to failing to provide any substantive analysis, a review of the record
reveals that Best never sought a Rule 166a(i) no evidence motion for summary judgment.  Issue IV asserts the trial court erred in
granting judgment against Zayed individually because all contracts were solely between
only Best and Aim.   Issue V asserts Best's claim for damages fails
because the damages sought were not related to the actual harm caused, Best's
actual loss is limited to the "amount paid under the contract," and determination
of damages is not "inconvenient or not feasible."  In addition to confusing the concepts of
"liquidated damages" and damages which are liquidated, Zayed presents
no reference to the record or relevant legal authority, and he presents no
substantive analysis.  Finally, in Issue VI,
Zayed asserts that Best defrauded him by misrepresenting that it would print
and distribute 175,000 copies of its telephone directory and it breached its
contract by distributing them late.  

            As
an appellate court, it is not our duty to perform an independent review of the
summary judgment record for evidence supporting Zayed's position; Priddy v. Rawson, 282 S.W.3d 588, 595
(Tex.App.--Houston [14th Dist.] 2009, pet. denied),  or applicable law to determine whether there
was error.  Martinez v. El Paso County, 218 S.W.3d 841, 844 (Tex.App.--El Paso
2007, pet. dism'd).  Rather, the duty rests
with Zayed to cite to authority and the record in addition to conducting a
substantive analysis of his legal issues. 
Dunn v. Bank-Tec
South, 134 S.W.3d 315, 327 (Tex.App.--Amarillo 2003, no pet.).  Were we to undertake this task, we would be
abandoning our role as neutral adjudicators and become an advocate for that
party.  Plummer v. Reeves, 93 S.W.3d 930, 931
(Tex.App.--Amarillo 2003, pet. denied). 
Accordingly, we find Zayed's Issues I through VI were inadequately
briefed consisting of "nothing more than conclusion bereft of analysis or
explanation"; Dunn, 134 S.W.3d
at 327; "preserving nothing for review."  Limestone Group, Inc. v. Sai Thong, L.L.C., 107 S.W.3d 793, 798
(Tex.App.--Amarillo 2003, no pet.).[3]
    

            




 

Assuming, arguendo, that the issues were preserved, however, and having conducted the
applicable standard of review; see Mann
Frankfort Stein & Lipp Advisors, Inc.
v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009), we find, as did the trial
court, that Best satisfied its burden of proof as to all the essential elements
of its claim.  Western Investments, Inc. v. Urena, 162
S.W.3d 547, 550 (Tex. 2005); Carr v.
Brasher, 776 S.W.2d 567, 569 (Tex. 1989).  Once Best established its right to summary
judgment, the burden of proof shifted to Zayed to respond to Best's motion and
present to the trial court any admissible evidence that would raise a fact issue
sufficient to preclude summary judgment. 
City of Houston
v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).

            In
support, Zayed points only to his pleadings and House's affidavit.  The arguments of Zayed's counsel and his
pleadings are not competent summary judgment evidence. See Laidlaw Waste Systems (Dallas) Inc. v. City of Wilmer, 904
S.W.2d 656, 660 (Tex. 1995); Dunn,
134 S.W.3d at 328.  Further, House's
affidavit is legally insufficient to raise any fact issue because he makes no
representation that the information contained therein is "made on personal
knowledge" and the hearsay statements upon which he relies "would
[not] be admissible in evidence." 
Tex. R. Civ. P. 166a(f).[4]  See Kerlin
v. Arias, 274 S.W.3d 666, 667 (Tex. 2008).  Zayed's Issues I
through VI are overruled.

Conclusion

            Accordingly,
the trial court's judgment is affirmed.  

                                                                                                

 

Patrick A. Pirtle

                                                                                                      Justice  











[1]Retired Judge sitting by assignment in the 47th District Court of
Randall County, Texas.  See Tex. Gov't Code Ann. § 75.002(a)(3) (Vernon 2005).





[2]In
his brief, Zayed mischaracterizes the trial court's judgment as a "default"
judgment. See Edwards
v. State Bank of Satanta, Kansas, 705 S.W.2d 839, 842 (Tex.App.Amarillo
1986, no writ).  As in Edwards, there is nothing in the record
indicating Best filed any motion for, or sought, a default judgment.  Id.  Further, here, the trial court's judgment
referenced Best's motion for summary judgment and indicated that the trial
court had considered "the Plaintiff's motion, Affidavits, the Pleadings,
Admissions, and all Discovery Responses, as well as the argument of
counsel," prior to rendering judgment.   






[3]That Zayed
cites this Court to pleadings, in their entirety, filed with the trial court in
his Statement of Facts is insufficient to meet the requirements of Rule 38.1(i)
of the Texas Rules of Appellate Procedure. 






[4]"Supporting
and opposing affidavits shall be made on personal knowledge, shall set forth
such facts as would be admissible in evidence, and shall show affirmatively
that the affiant is competent to testify as to the matters stated
therein."  Tex. R. Civ. P. 166a(f).