



# MEMORANDUM OPINION

Nos. 04-08-00800-CV and 04-08-00801-CV

William **BAROWSKI**,
Appellant

v.

John **GABRIEL**, Sr. and Thomas C. Sandoval,
Appellees

From the 150th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2002-CI-14424 and 2007-CI-17959
Honorable Janet P. Littlejohn, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Sandee Bryan Marion, Justice
Rebecca Simmons, Justice
Marialyn Barnard, Justice

Delivered and Filed:  August 4, 2010

REVERSED AND REMANDED

Appellant William Barowski appeals from a summary judgment granting a bill of review and a subsequent judgment of $350,000.00 in favor of Appellee Johnny Gabriel. On appeal, Barowski asserts the trial court improperly granted Gabriel summary judgment, and the evidence was factually insufficient to support the jury's damage award. Because Gabriel failed to establish, as a matter of law, his entitlement to a bill of review, we reverse the trial court and remand this matter for further action consistent with this opinion.

**FACTUAL BACKGROUND**

In 2002, Appellee John Gabriel, Sr. sued Appellant William Barowski for damages resulting from a letter sent by Barowski to several hundred of Gabriel's neighbors and contacts in the League of United Latin American Citizens (LULAC).[1] The letter, entitled "Important Information," contained a number of disparaging and negative comments about Gabriel's past.

On May 30, 2006, the trial court set the underlying matter for trial on August 21, 2006. On June 13, 2006, however, the trial court dismissed the case for want of prosecution. The parties agreed this dismissal was in error and the case was reinstated by the trial court on July 25, 2006. Although the case was reinstated, the court nonetheless scheduled the case for another dismissal docket setting on October 10, 2006.

The case proceeded to trial as scheduled on August 21, 2006, and a jury returned a verdict in favor of Gabriel. The jury awarded Gabriel $150,000.00 in actual damages and $750,000.00 in exemplary damages. Despite the sizable verdict, Gabriel failed to immediately reduce the jury's verdict to judgment. No post-verdict motions were filed following the trial.

On October 10, 2006, without any prior **written** notice to the parties, the trial court dismissed the case for want of prosecution. A docket sheet notation states the trial court clerk mailed notices of the dismissal to all counsel of record on October 11, 2006. Although Barowski's counsel received a copy of the October 10th dismissal order mailed by the trial court clerk, Gabriel's counsel, Art Augustine, alleges he did not. Unaware of the trial court's October 10th dismissal order, Augustine moved to withdraw as Gabriel's counsel in November 2006. Augustine was permitted to withdraw as Gabriel's counsel on November 27, 2006, and the trial court entered a withdrawal order informing the parties as follows: "There are no deadlines;

---

[1] The original suit was filed by John Gabriel, Sr. and Thomas C. Sandoval against William Barowski. However, only Gabriel is an appellee on appeal.

however, the Order from the jury trial has not been entered and appellate timelines will begin to run after the Judgment is entered with the Court."

In September 2007, Augustine allegedly discovered that the trial court had dismissed Gabriel's case for want of prosecution. Augustine responded by securing an ex parte order from the Honorable Peter Sakai on September 18, 2007, setting aside the October 2006 dismissal order. Barowski filed a motion to vacate and set aside Judge Sakai's order on October 5, 2007, which was subsequently granted by the trial court.

Gabriel filed a bill of review on December 3, 2007, and later moved for summary judgment on his bill of review. On July 29, 2008, the Honorable Janet Littlejohn granted summary judgment on the bill of review, set aside the October 10, 2006 dismissal order, and reinstated the case on the trial court's docket. On the same day, Judge Littlejohn entered final judgment in favor of Gabriel in the amount of $900,000.00 based on the jury's August 2006 verdict. After a hearing on Barowski's motion for new trial, the trial court reduced the exemplary damages awarded to Gabriel to $200,000.00. The trial court, therefore, entered an amended judgment on September 19, 2008 awarding Gabriel $350,000.00 in total damages.

## BILL OF REVIEW

We first address Barowski's argument that summary judgment in favor of Gabriel was improper because Gabriel failed to prove his entitlement to a bill of review as a matter of law. A bill of review is an equitable proceeding by a party to a former action who seeks to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial. *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926-27 (Tex. 1999).

## A.  Standard of Review

When a trial court grants summary judgment on a bill of review, the summary judgment standard of review applies.  *See Brown v. Vann*, No. 05-06-01424-CV, 2008 WL 484125, at *4 (Tex. App.—Dallas Feb. 25, 2008, no pet.) (mem. op.) (reviewing summary judgment on bill of review); *Boaz v. Boaz*, 221 S.W.3d 126, 131 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (reviewing no-evidence summary judgment on bill of review).  Summary judgments are reviewed de novo.  *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).  To prevail on a summary judgment motion, a movant has the burden of proving that it is entitled to judgment as a matter of law and that there is no genuine issue of material fact.  TEX. R. CIV. P. 166a(c); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995); *TX Far W., Ltd. v. Tex. Invs. Mgmt., Inc.*, 127 S.W.3d 295, 301 (Tex. App.—Austin 2004, no pet.).

When deciding whether a disputed material fact issue precludes summary judgment, evidence favorable to the non-movant is taken as true.  *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).  Additionally, an appellate court indulges every reasonable inference in favor of the non-movant and resolves any doubts in the non-movant's favor.  *Id*.  As the movant below, Gabriel thus had the burden of proving, as a matter of law, that he was entitled to a bill of review.

## B.  Lack of Notice and Presumption

The grounds upon which a bill of review can be obtained are narrow and restricted because the procedure conflicts with the fundamental policy that judgments must become final at some point.  *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).  "Generally, bill of review relief is available only if a party has exercised due diligence in pursuing all adequate legal remedies against a former judgment and, through no fault of its own, has been prevented

from making a meritorious claim or defense by the fraud, accident, or wrongful act of the opposing party." *Wembley Inv. Co.*, 11 S.W.3d at 927.

### 1. Notice of the Hearing

It is well-settled that a party must be provided with notice and an opportunity to be heard before a court may dismiss a case for want of prosecution. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). Gabriel argues the summary judgment record establishes that he did not receive notice of either the October 2006 dismissal hearing or the trial court's October 10th dismissal order. Both parties agree that neither party received **written** notice of the trial court's October 2006 dismissal hearing.

### 2. Notice of the Order of Dismissal

Upon a trial court's signing of an order of dismissal, Texas Rule of Civil Procedure 306a(3) requires the clerk of the court to give immediate notice to the parties or their attorneys by first-class mail advising them of the dismissal. *General Motors Acceptance Corp. v. City of Houston*, 857 S.W.2d 731, 733 (Tex. App.—Houston [14th Dist.] 1993, no writ); TEX. R. CIV. P. 306a. Importantly, "one seeking a bill of review need not prove [fraud, accident or wrongful act] when the clerk fails to send the [required notice.]" *Thomason v. Freberg*, 588 S.W.2d 821, 824 (Tex. Civ. App.—Corpus Christi 1979, no writ).

Barowski claims that even if Gabriel did not receive notice of the hearing on the motion to dismiss, the evidence establishes that, shortly after the hearing, Gabriel received notice of the October 10th dismissal order. Barowski concludes that because Gabriel received notice of the October 10th dismissal order and did nothing, Gabriel is not entitled to a bill of review.[2] Thus, the question in this appeal is whether Gabriel conclusively established that he did not receive

---

[2] Diligence in pursuing all adequate legal remedies before seeking a bill of review is a necessary element for a bill of review. *Tice v. City of Pasadena*, 767 S.W.2d 700 (Tex. 1989);

notice of the October 10th dismissal order in time to pursue other legal means to attack the dismissal order. *See Wembley*, 11 S.W.3d at 927 (bill of review only available if party has exercised due diligence in pursuing all adequate legal remedies).

Barowski points to the testimony of the district clerk as well as evidence that Barowski's counsel received the dismissal order on October 12, 2006, as summary judgment evidence that raised a fact issue. We note that there is no direct evidence of mailing. However, a district clerk's description of the customary mailing procedure in the district clerk's office, whereby the computer generates notice of the order of dismissal and the notices are mailed to the attorneys of record, supports the presumption of mailing and receipt. *Jimmy Swaggart Ministries v. City of Arlington*, 718 S.W.2d 83, 86 (Tex. App.—Fort Worth 1986, no writ). *See Cooper v. Hall*, 489 S.W.2d 409, 415 (Tex. Civ. App.—Amarillo 1972, writ ref'd n.r.e.). The presumption of mailing and receipt has the force of a rule of law only in the absence of evidence to the contrary. *Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987).

A presumption of mailing and receipt may be rebutted by an offer of proof of non-receipt. In *Wembley*, the Texas Supreme Court explained that an affidavit by trial counsel averring that they never received the order overcame any presumption of receipt. *Wembley*, 11 S.W.3d at 927 ("The presumption [] is not 'evidence' and it vanishes when opposing evidence is introduced that the letter was not received."); *see also De La Garza v. Riverstone Apartments*, No. 04-06-00732-CV, 2007 WL 3270769, at * 2 (Tex. App.—San Antonio Nov. 07, 2007, no pet.); *Delgado v. Hernandez*, 951 S.W.2d 97, 99 (Tex. App.—Corpus Christi 1997, no writ). *Hot Shot Messenger Serv., Inc. v. State*, 798 S.W.2d 413, 415 (Tex. App.—Austin 1990, writ denied) ("A letter properly addressed, stamped, and mailed to the addressee is presumed to have been received by the addressee in due course."); *Edwards v. State Bank of Satanta, Kan.*, 705 S.W.2d 839, 843

(Tex. App.—Amarillo 1986, no writ) (holding that the affidavit of proof of the preparation and mailing of the notice, and the testimonial denial of its receipt, creates a question of fact as to whether the letter was mailed.); *Sudduth v. Commonwealth County Mut. Ins. Co.*, 454 S.W.2d 196, 197–98 (Tex. 1970) ("[T]he non-arrival of such [notice] is some evidence that no such letter was mailed; in short, it becomes essentially a question which testimony the jury will believe. . . .").

## C. Analysis

Having no direct evidence that the notice of the dismissal order was mailed, Barowski relies upon the following evidence to raise a fact issue on receipt: (1) the clerk's testimony of policy and procedure, including the copy of the notice of dismissal that appears in the court's file, (2) Barowski's counsel received a copy of the notice of the October 10th order of dismissal, and (3) Gabriel's notice of the October 10th dismissal order was not returned as unclaimed. The presumption of mailing and receipt arose from this testimony. However, "[T]he mere denial of receipt is sufficient to rebut the presumption." *Texaco, Inc. v. Phan*, 137 S.W.3d 763, 767 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (citing *Gulf Ins. Co. v. Cherry*, 704 S.W.2d 459, 461 (Tex. App.—Dallas 1986, writ ref'd n.r.e.)). Thus, when Augustine testified that he did not receive the notice, the presumption was rebutted and a fact issue arose. *See also Cliff*, 724 S.W.2d at 780. Importantly, however, this presumption is overcome conclusively only when "the evidence tending to support the contrary inference is conclusive, or so clear, positive, and disinterested that it would be unreasonable not to give effect to it as conclusive." *Phan*, 137 S.W.3d at 767 (citations omitted); *see also Sellers v. Foster*, 199 S.W.3d 385, 392 (Tex. App.—Fort Worth 2006, no pet.) ("Whether a party received notice of a trial court's intent to dismiss is a question of fact for the trial court to determine." (citations omitted)); *Western Fire Ins. Co. v.*

*Reyna*, 495 S.W.2d 57, 59 (Tex. Civ. App.—Corpus Christi 1973, writ ref'd n.r.e.). Thus, in the present case, Augustine's denial of receipt is not conclusive. Because there was a question of fact with regard to whether Gabriel received a copy of the notice of the trial court's October 10th dismissal order, the trial court erred in granting summary judgment on the bill of review. Accordingly, we sustain this issue on appeal.

## CONCLUSION

The facts giving rise to this case are unusual. For fourteen months after the jury verdict, and eleven months after the dismissal, no action was taken in the case. Gabriel ultimately sought a bill of review to overturn the dismissal and obtain a judgment on the jury verdict. Although the evidence of the district court's procedure created a presumption in favor of notice, the presumption was rebutted by Augustine's testimony that he never received the notice of the dismissal order. However, because Augustine's denial of receipt is not conclusive of the issue, a fact issue remains to be resolved. We hold the trial court erred in granting summary judgment on Gabriel's bill of review. Accordingly, we reverse the judgment of the trial court and remand this matter for further proceedings consistent with this opinion.

Rebecca Simmons, Justice