NO. 07-09-0333-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

SEPTEMBER 28, 2010

_____

HASAN A. ZAYED, A/K/A MIKE ZAYED, D/B/A AIM
LIMOUSINE SERVICE, INC., APPELLANT

v.

BEST PUBLICATIONS, LLP, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 57,410-A; HONORABLE RICHARD DAMBOLD, JUDGE[1]

_____

Before QUINN, C.J., HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Hasan A. Zayed, a/k/a Mike Zayed d/b/a Aim Limousine Service, Inc.
(Zayed), appeals from entry of summary judgment in favor of Appellee, Best
Publications LLP (Best), on its breach of contract claim. In support, Zayed asserts the
trial court erred in granting summary judgment in Best's favor (Issues I through III),
granting summary judgment against Hasan A. Zayed a/k/a Mike Zayed individually

_____
[1]Retired Judge sitting by assignment in the 47th District Court of Randall County, Texas. *See* Tex. Gov't
Code Ann. § 75.002(a)(3) (Vernon 2005).

(Issue IV), awarding liquidated damages to Best (Issue V), and finding a valid contract existed between Zayed and Best (Issue VI).  We affirm.

## Background

On May 26, 2009, Best filed an amended original petition alleging Zayed had defaulted on a written advertising contract with Best.  Even though Zayed's original answer contained verified denials, it did not contain a denial of liability in the capacity sued.  *See* Tex. R. Civ. P. 93(2) (Vernon Supp. 2010).  Under the parties' contract, Best agreed to supply and publish advertising for Zayed in its 2003 Northwest Houston telephone directory.  In return, Zayed agreed to pay $34,168.00, less a discount of $12,562.00, for a total of $21,606.00.

On June 1, Best filed a motion for summary judgment and the trial court entered an order setting a hearing for June 26, 2009, at 10:00 a.m. in the 47th District Court, Amarillo, Randall County, Texas.  Attached to Best's motion was a copy of the parties' contract signed by Zayed, a sworn affidavit of Zayed's account balance ($17,201.08) together with per diem pre-judgment interest ($5.65 per day from May 15, 2004), and an affidavit from Best's attorney claiming $3,000 in attorney fees.  In his response, Zayed asserted that he could not be held individually liable for the debts of his limousine service under Texas corporate law, the damages did not relate to any actual harm caused Best, and Best misrepresented the number of directories that would be distributed containing Zayed's advertisement.  Zayed's sole exhibit was an affidavit by Harry House, a former Best employee.

2

On June 26, the trial court held the scheduled hearing. Neither Zayed nor his counsel appeared. On July 10, 2009, the trial court issued its judgment granting summary judgment in Best's favor awarding the sum of $17,201.18, plus prejudgment interest of $20,484.65, and $3,000 in attorney fees.[2] Thereafter, Zayed filed this appeal.

## Discussion

At the outset, we must address the content of Zayed's brief. The Texas Rules of Appellate Procedure control the required contents and organization of an appellant's brief. *See* Tex. R. App. P. 38.1. One of those requirements is that an appellant's brief must contain a clear and concise argument including appropriate citations to the record. Failure to comply with Rule 38.1(i), i.e., "[f]ailure to brief, or to adequately brief, an issue by an appellant, effects a waiver of that issue on appeal." *Sunnyside Feedyard, L.C. v. Metropolitan Life Insurance Company*, 106 S.W.3d 169, 173 (Tex.App.--Amarillo 2003, no pet.) (citing *General Serv. Comm'n. v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 598 n.1 (Tex. 2001); *Denmon v. Atlas Leasing, L.L.C.*, 285 S.W.3d 591, 597 (Tex.App.-- Dallas 2009, no pet.) ("Bare assertions of error, without argument, authority, or citation to the record waive error."). *See City of Alton v. City of Mission*, 164 S.W.3d 861, 870 (Tex.App.--Corpus Christi 2005, pet. denied) (appellant's asserted fact issue related to an affirmative defense waived due to inadequate briefing); *Telechek Services, Inc. v.*

---

[2]In his brief, Zayed mischaracterizes the trial court's judgment as a "default" judgment. *See Edwards v. State Bank of Satanta, Kansas*, 705 S.W.2d 839, 842 (Tex.App.—Amarillo 1986, no writ). As in *Edwards*, there is nothing in the record indicating Best filed any motion for, or sought, a default judgment. *Id.* Further, here, the trial court's judgment referenced Best's motion for summary judgment and indicated that the trial court had considered "the Plaintiff's motion, Affidavits, the Pleadings, Admissions, and all Discovery Responses, as well as the argument of counsel," prior to rendering judgment.

*Elkins*, 226 S.W.3d 731, 737 (Tex.App.--Dallas 2007, no pet.) (appellant's asserted issue related to an unpled action waived due to inadequate briefing).

Each of Zayed's six issues are argued in a conclusory fashion unsupported by citation to the record, relevant legal authority, or substantive analysis. Issue I asserts that the trial court erred in "granting a default summary judgment" because Zayed timely filed an answer to Best's motion. Zayed then summarily states that Best's summary judgment evidence was inappropriate, its damages calculation inaccurate, and its affidavit for attorney fees insufficient. Issue II asserts Zayed created an issue of fact "in the form of the affidavit of Harvey House" concerning whether the contract was valid because of fraud in the inducement; however, he never provides any substantive analysis. Issue III asserts that the trial court erred in granting Best's "no evidence motion for summary judgment." Without any reference to the summary judgment evidence presented, Zayed contends that he raised fact issues, Best's summary judgment evidence was inadequate, and Best failed to give notice of the debt prior to filing suit. In addition to failing to provide any substantive analysis, a review of the record reveals that Best never sought a Rule 166a(i) no evidence motion for summary judgment. Issue IV asserts the trial court erred in granting judgment against Zayed individually because all contracts were solely between only Best and Aim. Issue V asserts Best's claim for damages fails because the damages sought were not related to the actual harm caused, Best's actual loss is limited to the "amount paid under the contract," and determination of damages is not "inconvenient or not feasible." In addition to confusing the concepts of "liquidated damages" and damages which are liquidated, Zayed presents no reference to the record or relevant legal authority, and he

4

presents no substantive analysis. Finally, in Issue VI, Zayed asserts that Best defrauded him by misrepresenting that it would print and distribute 175,000 copies of its telephone directory and it breached its contract by distributing them late.

As an appellate court, it is not our duty to perform an independent review of the summary judgment record for evidence supporting Zayed's position; *Priddy v. Rawson*, 282 S.W.3d 588, 595 (Tex.App.--Houston [14th Dist.] 2009, pet. denied), or applicable law to determine whether there was error. *Martinez v. El Paso County*, 218 S.W.3d 841, 844 (Tex.App.--El Paso 2007, pet. dism'd). Rather, the duty rests with Zayed to cite to authority and the record in addition to conducting a substantive analysis of his legal issues. *Dunn v. Bank-Tec South*, 134 S.W.3d 315, 327 (Tex.App.--Amarillo 2003, no pet.). Were we to undertake this task, we would be abandoning our role as neutral adjudicators and become an advocate for that party. *Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex.App.--Amarillo 2003, pet. denied). Accordingly, we find Zayed's Issues I through VI were inadequately briefed consisting of "nothing more than conclusion bereft of analysis or explanation"; *Dunn*, 134 S.W.3d at 327; "preserving nothing for review." *Limestone Group, Inc. v. Sai Thong, L.L.C.*, 107 S.W.3d 793, 798 (Tex.App.--Amarillo 2003, no pet.).[3]

---

[3]That Zayed cites this Court to pleadings, in their entirety, filed with the trial court in his Statement of Facts is insufficient to meet the requirements of Rule 38.1(i) of the Texas Rules of Appellate Procedure.

Assuming, *arguendo,* that the issues were preserved, however, and having conducted the applicable standard of review; *see Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009), we find, as did the trial court, that Best satisfied its burden of proof as to all the essential elements of its claim. *Western Investments, Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989). Once Best established its right to summary judgment, the burden of proof shifted to Zayed to respond to Best's motion and present to the trial court any admissible evidence that would raise a fact issue sufficient to preclude summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

In support, Zayed points only to his pleadings and House's affidavit. The arguments of Zayed's counsel and his pleadings are not competent summary judgment evidence. *See Laidlaw Waste Systems (Dallas) Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995); *Dunn*, 134 S.W.3d at 328. Further, House's affidavit is legally insufficient to raise any fact issue because he makes no representation that the information contained therein is "made on personal knowledge" and the hearsay statements upon which he relies "would [not] be admissible in evidence." Tex. R. Civ. P. 166a(f).[4] *See Kerlin v. Arias*, 274 S.W.3d 666, 667 (Tex. 2008). Zayed's Issues I through VI are overruled.

---

[4]"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein." Tex. R. Civ. P. 166a(f).

## Conclusion

Accordingly, the trial court's judgment is affirmed.


Patrick A. Pirtle
Justice